STATE OF HAWAII, Plaintiff-Appellee, *v.* DARRYL LOUIS HO, Defendant-Appellant.

NO. 13503

(CRIMINAL NO. 87-1111)

NOVEMBER 8, 1989

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Defendant Darryl Louis Ho (Defendant) appeals from his conviction by a jury for the offenses of Promoting a Dangerous Drug in the Third Degree, Hawaii Revised Statutes (HRS) § 712-1243 (1985), Count II; Promoting a Detrimental Drug in the Third Degree, HRS § 712-1249 (1985), Count III; and Possession of a switchblade knife, HRS § 134-52 (1985), Count V.[1] Although De-

---

[1] Trial was had only on Counts II, III and V. State's motion for *nolle prosequi* of Counts I, Promoting a Dangerous Drug in the First Degree, Hawaii Revised Statutes (HRS) § 712-1242(1) (b) (i) (1985), and IV, Promoting a Detrimental Drug in the Third Degree, HRS § 712-1249 (1985), was granted on October 18, 1988, after the trial was over.

fendant raises several issues on appeal, the dispositive issue is whether the lower court erred in denying Defendant's Rule 48, Hawaii Rules of Penal Procedure (HRPP) (1977) motion to dismiss the indictment. We hold that it did.

Defendant was arrested on August 17, 1987, and indicted on September 5, 1987. Defendant filed a motion to suppress evidence recovered from his person and from the automobile in which he was a passenger at the time of the arrest. After a hearing the trial court, on December 17, 1987, orally suppressed the evidence supporting Counts I and IV of the indictment. On January 5, 1988, the State appealed "from the Oral Order Granting Defendant's Motion to Suppress Evidence (in Part) [.]" The appeal was withdrawn by stipulation on April 22, 1988.

On the first day of trial, September 15, 1988, Defendant filed a motion to dismiss for violation of Rule 48, HRPP, and his constitutional right to a speedy trial. The motion was denied.

Trial started on September 15, 1988, 395 days after Defendant's arrest.[2] Rule 48 requires that Defendant be brought to trial within six months of his arrest.[3] Under Rule 48(c) (1)[4] the following periods are clearly excludable in this case:[5]

(1) 14 days delay resulting from disposition of Defendant's motion for pre-trial supervised release;

(2) 44 days for disposition of Defendant's motion for a bill of particulars, and his motion to suppress,[6] and

(3) one day for Defendant's request for materials from State.

---

[2] We do not agree with either party's calculations of the elapsed time periods in this case.

[3] For the construction of the word "arrest" in Rule 48(b)(1), HRPP, *see State v. Johnson*, 62 Haw. 11, 608 P.2d 404 (1980).

[4] Rule 48(c) (1), Hawaii Rules of Penal Procedure (HRPP) (1977), provides:

(c) Excluded Periods. The following periods shall be excluded in computing the time for trial commencement:

(1) periods of delay resulting from collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which he is incompetent to stand trial, hearings on pre-trial motions, interlocutory appeals and trials of other charges[.]

[5] State argues to exclude one day occasioned by Defendant's Rule 48 motion. Inasmuch as the motion was made and decided on the first day of trial and caused no delay, we hold that the one day should not be excluded.

[6] State argues to exclude separate periods of 38 days for the motion for bill of particulars and 44 days for the motion to suppress, which were filed on the same day

The question is whether the 108-day delay occasioned by the State's interlocutory appeal from the lower court's oral suppression order is excludable under the rule.[7] For the following reasons we hold it is not.

Defendant argues that the State's appeal from an oral order[8] was a nullity and, therefore, that the period of time occasioned by the appeal should not be excluded. We agree.

Rule 4(b), Hawaii Rules of Appellate Procedure (HRAP) (1985) states in pertinent part:

> When an appeal by the government is authorized by statute, the notice of appeal shall be filed in the circuit or district court appealed from within 30 days after the entry of the judgment or order appealed from. A judgment or order is entered within the meaning of this subdivision when it is filed with the clerk of the court.

The State is authorized to appeal from a pre-trial order granting a motion to suppress evidence by HRS § 641-13(7) (Supp. 1988). In *State v. Johnson,* 50 Haw. 525, 445 P.2d 36 (1968), the supreme court held that Revised Laws of Hawaii (RLH) 1955 § 212-2, which is now § 641-13, must be strictly construed.[9] We hold that the same rule of strict construction applies to the Rule 4(b) HRAP requirement that the State must file its notice of appeal within 30 days of the entry of the judgment or order appealed from. The State can only appeal from a written order or judgment filed with the clerk. Absent a written order of suppression, the ·

---

and heard at the same time. Although the court decided the motion for bill of particulars at the time of the hearing and the motion to suppress a week later, we do not think, under these circumstances, that separate periods should be excluded. For all practical purposes there was only one period of delay involved.

[7] Over Defendant's objection the start of trial was continued for 45 days upon the prosecutor's representation that a critical state witness was on maternity leave. In light of our holding above, we do not decide whether that period was excludable under Rule 48(c) (4) (i).

[8] The written order was not filed until August 8, 1988.

[9] When *State v. Johnson* was decided, RLH 1955 § 212-2 did not authorize the state to appeal from a pre-trial order suppressing evidence, and the supreme court held that strict construction of the statute precluded such an appeal. The statute was renumbered and, in 1972 was amended to provide that authority to the state. Act 148 § 1, 1972 Haw. Sess. Laws 497.

State's notice of appeal in this case did not give rise to appellate jurisdiction. *See State v. Swafford,* 68 Haw. 653, 729 P.2d 385 (1986) (the state's appeal based upon the wrong statute did not vest appellate jurisdiction in the supreme court).

Citing *United States v. Saintil,* 705 F.2d 415 (11th Cir. 1983), the State argues that the period of delay in this case is excludable, even though the appeal was from an oral order, because the appeal "was not taken in bad faith." We do not find *Saintil* persuasive.

In our view, Rule 48(c) (1) contemplates a properly noticed appeal, and the period of delay occasioned by the State's appeal from an oral pre-trial order is not excludable. It follows that the time between Defendant's arrest and trial, after deducting the excludable periods, was 336 days, more than the six-month period prescribed by Rule 48.

We vacate the Defendant's convictions and remand with instructions to dismiss with or without prejudice in accordance with Rule 48, HRPP.

*R. Richard Ichihashi* on the brief for defendant-appellant.

*Alexa D. M. Fujise,* Deputy Prosecuting Attorney, City and County of Honolulu, on the brief for plaintiff-appellee.