STATE OF NEBRASKA, APPELLANT, V. JAMES T. HALL,
ALSO KNOWN AS THOMAS DUANE STRAWDER, APPELLEE.

566 N.W.2d 121

Filed July 25, 1997.   No. S-96-960.

Ellen L. Totzke, Hall County Attorney, for appellant.

L. William Kelly, of Kelly & Schroeder, for appellee.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

STEPHAN, J.

The State of Nebraska brought this error proceeding pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1995), seeking review

of an order by the district court for Hall County sustaining a demurrer to count II of a two-count information filed against appellee, James T. Hall, also known as Thomas Duane Strawder. The remaining count contained in the information remains pending in the district court. We conclude that we have no jurisdiction in this matter because there has been no final order and, accordingly, dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Hall was arrested on January 3, 1991, and charged with the shooting death on January 2, 1991, of George D. "Joe" Allan. Hall was charged with multiple counts which included first degree murder and use of a weapon in the commission of a felony. As the result of a plea agreement, on July 16, Hall entered a plea of guilty to second degree murder and use of a weapon in the commission of a felony; other pending charges against him were dismissed at that time. He was sentenced to life imprisonment on the second degree murder charge and 20 years' imprisonment on the weapons charge. We affirmed the convictions and sentences in *State v. Hall*, 242 Neb. 92, 492 N.W.2d 884 (1992). Our opinion in that case sets forth a detailed statement of the facts pertinent to the shooting death of which Hall was convicted.

On February 16, 1996, we held that Hall was entitled to post-conviction relief. We set aside both convictions and remanded the cause to the district court with directions for a new trial. *State v. Hall*, 249 Neb. 376, 543 N.W.2d 462 (1996).

On May 20, 1996, an information was filed in the district court for Hall County charging Hall, alleging in count I that Hall "purposely and with deliberate and premeditated malice killed George D. Allen aka Joe Allen" and in count II that Hall "used a firearm, knife, brass or iron knuckles, or any other deadly weapon to commit a felony offense, to-wit: used a handgun to commit the felony offense of Murder in the First Degree[.]" These charges are identical to counts I and II originally filed against Hall on January 3, 1991.

In response to this information, Hall filed a demurrer pursuant to Neb. Rev. Stat. § 29-1810 (Reissue 1995), directed to count II of the information. Hall's demurrer recited the following grounds:

Defendant respectfully shows to the Court that the Defendant plead [sic] guilty and was found guilty of use of a firearm, knife, brass or iron knuckles, or any other deadly weapon to commit a felony offense, to-wit: Used a hand gun to commit the felony offense of murder in the second degree.

An Opinion rendered on the 16th day of February, 1996, the Nebraska Supreme Court reversed and remanded for a new trial thereon.

. . . [T]he filing of the Second Amended Information alleging the crime changes the underlying felony to that of Murder in the First Degree. Said change alters one of the necessary elements the State must prove with regards to Count II.

It is therefore moved that [because] a necessary element has been changed by the State of Nebraska by filing the Amended Information, said prosecution of Count II is barred by the Statute of Limitations.

Following a hearing and submission of briefs, the district court entered an order on July 1, 1996, sustaining the demurrer based upon its finding that count II of the information was barred by the statute of limitations contained Neb. Rev. Stat. § 29-110(1) (Reissue 1995).

The State subsequently perfected an error proceeding to the Nebraska Court of Appeals pursuant to § 29-2315.01, asserting that the district court erred in sustaining Hall's demurrer to count II of the operative information under which he is currently charged. Pursuant to our authority to regulate the dockets of the Court of Appeals and this court, we removed this matter to our docket.

## ASSIGNMENT OF ERROR

Restated, the State contends that the trial court erred in sustaining Hall's demurrer to count II of the May 20, 1996, information based on the court's determination that the charge contained therein was barred by the 3-year statute of limitations contained in § 29-110(1).

## SCOPE OF REVIEW

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. See, *State v. Wieczorek, ante* p. 705, 565 N.W.2d 481 (1997); *Trew v. Trew, ante* p. 555, 567 N.W.2d 284 (1997).

## ANALYSIS

During the pendency of this proceeding and after submission of the parties' briefs, we decided *State v. Thieszen, ante* p. 208, 560 N.W.2d 800 (1997), which involved a statute of limitations issue similar to that in this case. During oral argument in the case at bar, counsel for the State contended that *Thieszen* was controlling and compelled reversal of the district court's order sustaining the demurrer to count II of the operative information. Counsel for Hall contended that *Thieszen* was incorrectly decided and should be overruled.

We conclude that we cannot reach this issue because we lack jurisdiction over this matter. The record contains no order dismissing this action, and counsel for the parties confirmed that it remains pending in the district court, awaiting the outcome of our review. We are not asked to review any aspect of the pending first degree murder count, but only the sustaining of the demurrer as to the weapons count.

In our recent decision in *State v. Wieczorek, supra*, we held that the State's right to seek review of a ruling made during the prosecution of a criminal case is limited to the procedure set forth in § 29-2315.01, which permits a county attorney to file an application to the trial court seeking leave to appeal " 'within twenty days after the final order is entered in the cause.' " (Emphasis omitted.) *Ante* at 708, 565 N.W.2d at 483. If the application is granted by the trial court, the county attorney must present it " 'to the appellate court within thirty days from the date of the final order.' " (Emphasis omitted.) *Id.*

In *Wieczorek*, we held that because the State filed its application for review of the dismissal of three counts of a four-count information before the defendant had been sentenced on the one count for which he was convicted, the application was filed before entry of a final order and was, therefore, untimely and

insufficient to confer appellate jurisdiction. We held that "an order entered during the pendency of a criminal cause is final only when no further action is required to completely dispose of the cause pending." *Ante* at 710, 565 N.W.2d at 484. See, also, *State v. Martinez*, 198 Neb. 347, 354, 252 N.W.2d 630, 634 (1977) ("[t]he State's right to appeal in criminal cases is limited by section 29-2315.01, R. R. S. 1943, which provides that the State may appeal only after a final order has been entered in the case").

We have reviewed an order sustaining a demurrer in a criminal case only where it is dispositive of the entire case. See *State v. Buttner*, 180 Neb. 529, 143 N.W.2d 907 (1966) (demurrer sustained as to all counts of indictment and counts dismissed). See, also, *State v. Coomes*, 170 Neb. 298, 102 N.W.2d 454 (1960) (demurrer sustained and cause dismissed). In this case, the district court's order of July 1, 1996, sustained the demurrer to count II of the operative information but did not dismiss it, and it had no effect upon count I. The order did not completely dispose of the case and does not constitute a final order subject to review under § 29-2315.01. This court, therefore, lacks jurisdiction over the State's appeal, necessitating its dismissal.

APPEAL DISMISSED.

WHITE, C.J., participating on briefs.