STATE OF NEBRASKA, APPELLEE, V.
SHANE R. RECEK, APPELLANT.
641 N.W.2d 391

Filed April 5, 2002.   No. S-01-769.

Susanne Dempsey, Platte County Public Defender, and James R. Mowbray and Kelly S. Breen, of Nebraska Commission on Public Advocacy, for appellant.

Don Stenberg, Attorney General, and Ronald D. Moravec for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Shane R. Recek moved to dismiss a charge of manslaughter based upon an alleged violation of his statutory right to a speedy

trial. The Platte County District Court denied Recek's motion, and he appeals.

## SCOPE OF REVIEW

■ As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Murphy*, 255 Neb. 797, 587 N.W.2d 384 (1998).

■ To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. French*, 262 Neb. 664, 633 N.W.2d 908 (2001).

## FACTS

An information was filed by the Platte County Attorney on June 23, 2000, alleging that Recek caused the death of Anthony Still unintentionally while in the commission of an unlawful act (count I) and used a firearm to commit a felony (count II). On July 25, Recek moved to quash count II on the basis that it was inconsistent to charge him with intentionally using a weapon to commit the unintentional act of manslaughter. On September 8, the district court sustained the motion to quash and dismissed count II.

The State attempted to appeal the dismissal pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1995), and Recek moved for summary dismissal of the appeal, contending that the district court's order dismissing count II was not a final, appealable order. On February 22, 2001, this court granted summary dismissal. The State moved for a rehearing, and the motion was overruled. The mandate issued on March 27, and judgment was entered on the mandate on March 29. Recek was arraigned on April 18, and on April 24, he filed a motion to transfer the case to juvenile court. This motion was denied on May 29.

On June 7, 2001, Recek moved for discharge, claiming that his statutory and constitutional rights to a speedy trial had been violated. At a hearing on the motion, the State argued that there were applicable exceptions in Neb. Rev. Stat. § 29-1207(4) (Reissue 1995) that tolled the running of the statute. The State asserted that the periods during which the motion to quash and

the motion to transfer were pending in the district court were excludable. Specifically, the State claimed that § 29-1207(4)(a) excluded the time between Recek's motion to quash and resolution of the State's appeal regarding the motion because the motion was not finally disposed of until the district court entered judgment on the mandate.

The district court found that the motion to quash was sustained on September 8, 2000, but that the order had been appealed by the State on September 19 pursuant to § 29-2315.01, which authorizes a county attorney to take exception to any rule or decision of the court constituting a final order made during the prosecution of a case. The district court stated that it was divested of subject matter jurisdiction after the State's appeal was instituted until the mandate of this court issued and that final disposition of Recek's motion to quash did not occur until judgment was entered on the mandate on March 29, 2001. The court concluded that pursuant to § 29-1207(4)(a), the period of time between the filing of Recek's motion to quash on July 25, 2000, and final disposition via judgment on the mandate on March 29, 2001, must be excluded in computing the time for speedy trial purposes.

The district court also noted that summary dismissal of the State's appeal reflected by implication that the dismissal of count II was not a final order but that there was nothing before the court to suggest that the State's appeal was frivolous or motivated by bad faith. The court concluded that even if it could be argued that the time during which the State's appeal was pending should not be excluded for speedy trial purposes, the time nonetheless should be excluded pursuant to § 29-1207(4)(f) because under the facts presented, the delay occurred for good cause. The court found that the period between April 24, 2001, when Recek filed his motion to transfer, and May 29, when the motion was denied, must likewise be excluded in computing the time for speedy trial pursuant to § 29-1207(4)(a). The court found that 113 days remained in the statutory 6-month speedy trial period within which Recek must be brought to trial. Therefore, the court denied Recek's statutory and constitutional speedy trial claims.

## ASSIGNMENTS OF ERROR

Recek assigns as error that the district court erred in denying his speedy trial motion because the court found that the time period between "September 8, 2000 until March 2[9], 2001," was excluded from the statutory speedy trial computation by application of § 29-1207(4)(a) and (f). He does not assign as error that the court erred in failing to find a violation of his constitutional right to a speedy trial.

## ANALYSIS

■ To avoid a defendant's absolute discharge from an offense charged, as dictated by Neb. Rev. Stat. § 29-1208 (Reissue 1995), the State must prove by a preponderance of the evidence the existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial. *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000).

Section 29-1207(4) provides:

The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . the time from filing until final disposition of pretrial motions of the defendant . . . .

. . . .

(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.

We therefore proceed to determine the periods of time which are excludable pursuant to § 29-1207(4). We note first that the period of time between Recek's filing of the motion to quash on July 25, 2000, and the district court's sustaining of the motion on September 8 is clearly excludable.

The State claims that the time between Recek's filing of his motion to quash and the time the district court entered judgment on the mandate on March 29, 2001, is excludable pursuant to § 29-1207(4)(a). For this to be true, final disposition of the motion to quash must not have occurred until the district court entered judgment on the mandate.

In *State v. Wieczorek*, 252 Neb. 705, 565 N.W.2d 481 (1997), we held that the State's right to seek review of a ruling made during the prosecution of a criminal case is limited to the procedures set forth in § 29-2315.01, which permits a county attorney to file an application to the trial court seeking leave to appeal. The State's right to appeal in criminal cases pursuant to § 29-2315.01 is limited to an appeal only after a final order has been entered in the case. See *State v. Martinez*, 198 Neb. 347, 252 N.W.2d 630 (1977).

In *Wieczorek*, the State filed an application for review of the dismissal of three counts of a four-count information before the defendant had been sentenced on the remaining count. We held that the application was filed before the entry of a final order and was therefore insufficient to confer jurisdiction. We stated that an order entered during the pendency of a criminal cause is final only when no further action is required to dispose of the matter pending.

In *State v. Hall*, 252 Neb. 885, 566 N.W.2d 121 (1997), the district court sustained the defendant's demurrer to the second count of a two-count information alleging murder in the first degree (count I) and use of a weapon to commit a felony (count II). The State appealed the order dismissing count II purportedly pursuant to § 29-2315.01. We dismissed the appeal for lack of jurisdiction because count I was still pending.

As established in *Wieczorek* and *Hall*, this court will not hear an appeal by the State pursuant to § 29-2315.01 unless it involves a final order. The case at bar is distinguishable from *State v. Hayes*, 10 Neb. App. 833, 639 N.W.2d 418 (2002), in which the Nebraska Court of Appeals held that the speedy trial clock does not run while the State pursues appeals under Neb. Rev. Stat. § 29-824 (Cum. Supp. 2000). The Court of Appeals stated:

> "We have held, with reference to § 29-1207(3), that the 6-month period in which the State is to retry a defendant following a successful appeal is fixed by reference to the date on which the district court first takes action pursuant to the mandate of the appellate court. *State v. Kinser*, 256 Neb. 56, 588 N.W.2d 794 (1999). Our rationale for that holding was that the date of the district court's first action on the mandate was the date on which the district court had reacquired juris-

diction over the case from the appellate courts. *Id.* See, also, *State v. Belmarez*, 254 Neb. 436, 577 N.W.2d 255 (1998).

"This rationale also dictates that where further proceedings are to be had following an interlocutory appeal, for speedy trial purposes, the period of time excludable due to the appeal concludes when the district court first reacquires jurisdiction over the case by taking action on the mandate of the appellate court."

*Hayes*, 10 Neb. App. at 840, 639 N.W.2d at 426 (quoting *State v. Ward*, 257 Neb. 377, 597 N.W.2d 614 (1999)). *Hayes* is inapplicable because in that case the State's appeal was clearly permissible pursuant to Neb. Rev. Stat. § 29-116 (Cum. Supp. 2000). Here, the State appealed pursuant to § 29-2315.01, but its appeal was dismissed for lack of jurisdiction.

The State's right to seek a review is limited to the procedure set forth in § 29-2315.01. A county attorney is permitted to file an application to the trial court seeking leave to appeal within 20 days after a final order is entered in a cause. See *State v. Hall, supra*. The granting of Recek's motion to quash was not a final order because the manslaughter charge was still pending. Since no final order had been entered, the State was without statutory authority to take the appeal.

Thus, the question is whether the time during which the State's appeal was pending should be excluded from the speedy trial calculation when there was no statutory authority to take the appeal. The district court found that final disposition of Recek's motion to quash did not occur until the court entered judgment on the mandate from this court. The district court therefore concluded that this period of delay was the result of Recek's conduct in filing the motion to quash.

In *State v. Murphy*, 255 Neb. 797, 802, 587 N.W.2d 384, 388 (1998), citing *State v. Brown*, 214 Neb. 665, 335 N.W.2d 542 (1983), we held that the pretrial motion of a defendant is " 'finally disposed' " on the date that it is granted or denied. The excludable period attributable to a defendant's pretrial motion is calculated from the date the motion is filed until the date the motion is granted or denied. *State v. Ward, supra.* Therefore, unless the time for the State's appeal can be "charged" to Recek, only the period from the filing of the motion to quash to the date

it was granted can be excluded from the time for bringing Recek to trial.

We have not addressed this issue previously; however, other jurisdictions have faced similar questions. In *Com. v. Malinowski*, 543 Pa. 350, 671 A.2d 674 (1996), the Commonwealth of Pennsylvania's appeal was determined to be a nullity because it failed to have the appeal certified. The defendant moved to dismiss, alleging that the commonwealth had failed to bring him to trial within the time period mandated by law. The court found that the commonwealth's failure to comply with proper certification procedures rendered its appeal a nullity and that, as such, the commonwealth was not entitled to exclude the time period encompassed by the appeal from the computation of the defendant's right to a prompt trial as provided by law. Rule 341(c) of the Pennsylvania Rules of Appellate Procedure provided in part: " '[A]n Appeal may be taken by the Commonwealth from any final order in a criminal matter only in the circumstances provided by law.' " (Emphasis omitted.) *Malinowski*, 543 Pa. at 358, 671 A.2d at 678. The court held that without certification, the commonwealth had no right to appeal and that without the right to appeal, the commonwealth failed to exercise due diligence by filing the appeal. Failure to file the certification rendered the suppression order unappealable.

In *State v. Ho*, 7 Haw. App. 516, 782 P.2d 29 (1989), *overruled on other grounds, State v. Hoey*, 77 Haw. 17, 881 P.2d 504 (1994), the state appealed an oral suppression order. Without a written order of suppression, there was no appellate jurisdiction. The defendant successfully argued that the appeal from such order was a nullity and that, therefore, the period of time should not be excluded.

In *State v. Grimes*, 229 Kan. 143, 622 P.2d 143 (1981), the defendant moved for a new trial. The trial court granted the motion, and the state appealed. The defendant then moved for involuntary dismissal of the appeal because the state was not authorized to appeal from the granting of a new trial. The Kansas Supreme Court held that since the state's appeal from the order was unauthorized, the time period within which the state was required to bring the defendant to trial continued to run during the unauthorized appeal.

We find the reasoning of the above jurisdictions applicable to the case at bar. The State appealed from a nonfinal order, and this court did not acquire jurisdiction to hear the appeal. Such delay was not an expected and reasonable consequence of the motion to quash and was not chargeable to Recek. Final disposition of the motion to quash occurred when the district court sustained the motion. Thus, the court erred in finding that the time during which the appeal was pending was excludable under § 29-1207(4)(a).

Next, we analyze whether the time was excludable under § 29-1207(4)(f). The district court determined that the State showed by a preponderance that there existed good cause for the delay. In *State v. Kinstler*, 207 Neb. 386, 299 N.W.2d 182 (1980), we held that if a trial court relies on § 29-1207(4)(f) in excluding a period of delay from the 6-month speedy trial computation, a general finding of "good cause" will not suffice. The trial court must make specific findings as to the good cause which resulted in the extension of time. Here, the court found: "[T]here is nothing before the Court to suggest the State's appeal was frivolous or motivated by bad faith." The court also noted that the legal question of whether a count of use of a weapon to commit a felony could be charged along with a manslaughter count had not previously been decided by this court. Thus, the court concluded that good cause had been shown by the State.

Good cause is not shown simply because there has been no proof that the State acted in bad faith or because the substantive issue raised by the appeal has not previously been decided. The district court's finding that the State did not act in bad faith does not equate to a showing that there was good cause for the delay. Recek has correctly asserted that such a finding would improperly shift the burden to the defendant. Rather than requiring the State to show good cause, the court would require Recek to show bad faith. Also, the fact that at the time the appeal was taken, this court had not determined the issue presented by the appeal does not establish good cause for the delay. Thus, we conclude that the State has not sustained its burden to show good cause for the delay, and the district court erred in not sustaining Recek's motion to dismiss on the ground that his statutory right to a speedy trial had been denied.

The information was originally filed against Recek on June 23, 2000. If no time periods were excluded under § 29-1207(4)(a), the last day on which the State could have brought Recek to trial would have been December 23. The State proved that 45 days were properly excluded from July 25 until September 8, when Recek's motion to quash was pending. Therefore, the State had until February 6, 2001, to bring Recek to trial and failed to do so. As a result, Recek is entitled to an absolute discharge under § 29-1208.

We also note that the time between Recek's filing of his motion to transfer to juvenile court on April 24, 2001, and the district court's denial of the motion on May 29 is not relevant to our determination because by the time Recek filed his motion for transfer, the time for bringing him to trial pursuant to § 29-1207 had already expired.

## CONCLUSION

Because the State has failed to prove an exception under § 29-1207(4), the judgment of the district court is reversed, and the cause is remanded with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.