STATE OF NEBRASKA, APPELLEE, V.
WILLIAM J. FELDHACKER, APPELLANT.
657 N.W.2d 655

Filed March 11, 2003.    No. A-02-131.

Sanford J. Pollack, of Pollack & Ball, L.L.C., for appellant.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

SIEVERS, Judge.

On August 30, 2000, the State filed an information in the district court for Seward County charging William J. Feldhacker with resisting arrest, third degree assault on a police officer, second-offense refusal of a chemical test, second-offense driving under suspension, fourth-offense driving while intoxicated, and possession of an open alcoholic beverage container. Feldhacker filed a pro se motion for absolute discharge on July 10, 2001, which motion was subsequently amended by counsel. On December 31, the district court overruled Feldhacker's amended motion. Feldhacker appeals, claiming he was denied his statutory and constitutional rights to a speedy trial. Because only the procedural aspects of this case are involved, we do not recount any facts giving rise to the aforementioned charges.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As previously mentioned, on August 30, 2000, the State filed an information in the district court for Seward County charging Feldhacker with three felonies, two misdemeanors, and one infraction. On September 21, Feldhacker's counsel filed a motion to discover; a motion for disclosure of *Brady* materials, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); a motion for a *Jackson v. Denno* hearing, pursuant to *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964); and a motion for disclosure of intention to use evidence

of other crimes or other acts. All four pretrial motions were set for hearing before the trial court on October 31.

On October 24, 2000, the State filed a motion to continue the *Jackson v. Denno* hearing, which continuance was not objected to by Feldhacker's counsel, David L. Kimble, and the hearing was reset for December 4. On October 31, Feldhacker sent an "Inmate Request Form" to the Seward County District Court requesting to see the trial judge for a bond hearing and to inquire about Kimble's performance. On November 2, Feldhacker sent a similar request addressed to the district court specifically stating that Kimble was lying to him and that his right to legal counsel was being denied. On November 6, the court filed both inmate requests with the clerk of the court and set a hearing for November 13.

On November 13, 2000, the previously mentioned discovery and disclosure motions were heard and a discovery compliance deadline was set for December 13. On December 4, the *Jackson v. Denno* hearing was held in the district court. After testimony was received from Troopers Randy Bybee and Marcus Warnke of the Nebraska State Patrol, the following exchange occurred:

> [State's attorney]: Your Honor, there is one other person, and I have spoken with Mr. Kimble about on [sic] this person. It would be Trooper [Franklin] Peck, and he had just a couple of statements that [Feldhacker] made, and Mr. Peck was unavailable to be here today. But I will be typing up an affidavit in regards to what the circumstances were and the statements. And Mr. Peck would sign that affidavit, and I will present that to Dave Kimble. And I believe he would not have an objection from me supplementing this hearing date in regards to that affidavit.
>
> THE COURT: Mr. Kimble?
>
> MR. KIMBLE: So stipulated.
>
> THE COURT: All right. The stipulation's approved and accepted.

On January 4, 2001, the State submitted Trooper Franklin Peck's affidavit. The district court made its final ruling on the *Jackson v. Denno* motion on January 22, finding that all of Feldhacker's statements made to Troopers Bybee, Warnke, and Peck were voluntary and therefore admissible at trial.

On January 23, 2001, Feldhacker sent another inmate request form to the clerk of the Seward County District Court requesting a transcript of the *Jackson v. Denno* hearing. The request was filed with the court on January 24 and denied on February 13.

On March 22, 2001, the district court set a status hearing for April 10. On the day of the scheduled status hearing, Feldhacker's counsel filed a motion to produce a written copy or an audiotape of the communications among the state troopers regarding the apprehension and arrest of Feldhacker. The production motion was subsequently resolved between the parties. Furthermore, Feldhacker's counsel orally requested a continuance of the status hearing, which continuance was granted by the court, and the status hearing was reset for April 24.

On April 12, 2001, Feldhacker sent two written inmate requests, this time specifically to the trial judge, requesting, inter alia, discovery materials, trial court transcripts, and hearing updates. On April 16, the district court set a hearing for April 24, based on Feldhacker's requests. On April 24, the status hearing was had, whereby Feldhacker's previously mentioned requests were denied with the exception of the request for trial transcripts. On April 25, Feldhacker's counsel filed a praecipe for transcript of the *Jackson v. Denno* hearing. The transcript was completed on May 16.

On July 3, 2001, Feldhacker requested by written motion that Kimble be removed and that the court grant Feldhacker an absolute discharge because his statutory right to a speedy trial was denied. The request and pro se motion for absolute discharge was filed by the clerk of the district court on July 10. On July 10, the trial court denied Feldhacker's request to terminate his counsel and set a hearing for July 24 on Feldhacker's motion for absolute discharge. On July 24, the motion for absolute discharge was heard and submitted, and the court gave both parties 14 days for written arguments.

Sometime after July 24, 2001, Feldhacker succeeded in his efforts to remove Kimble as his attorney. Feldhacker's next two court-appointed attorneys were also replaced. On September 12, Feldhacker notified the court by inmate request that his family had retained Matthew L. McBride as his new counsel.

On September 24, 2001, McBride filed an amended motion for absolute discharge asserting Feldhacker's right to a speedy trial discharge pursuant to Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 1995); Neb. Const. art. I, § 11; and the Sixth Amendment to the U.S. Constitution. The amended motion was heard and submitted on September 25. Sometime after September 25, Feldhacker removed McBride as his counsel and replaced him with his present attorney.

On December 31, 2001, the district court overruled Feldhacker's amended motion for absolute discharge. Based on Feldhacker's statutory claim, the court found: "Combining all the excludable periods preceding July 10, 2001, I find 179 days excludable. The last day for commencement of trial would have been August 24, 2001. [Feldhacker] filed his first motion for absolute discharge (filed July 10, 2001) 45 days prematurely." Based on Feldhacker's constitutional claim, the court, applying the four-factor balancing test set out in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), found that "no violation of Mr. Feldhacker's constitutional speedy trial right appears from this record."

On December 28, 2001, Feldhacker posted bond, and on January 30, 2002, he filed an appeal with this court.

## II. ASSIGNMENT OF ERROR

Feldhacker asserts, summarized and restated, that the district court abused its discretion in denying his statutory and constitutional rights to a speedy trial.

## III. STANDARD OF REVIEW

■ As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Ward*, 257 Neb. 377, 597 N.W.2d 614 (1999); *State v. Kinser*, 256 Neb. 56, 588 N.W.2d 794 (1999).

## IV. ANALYSIS

### 1. STATUTORY RIGHT TO SPEEDY TRIAL

■ The purpose of Nebraska's speedy trial act, sometimes called the "6-month rule," is protection of an accused from a criminal charge pending for an undue length of time. *State v. Sumstine*,

239 Neb. 707, 478 N.W.2d 240 (1991). See § 29-1207. Section 29-1207(1) and (2) provide that "[e]very person . . . informed against . . . shall be brought to trial within six months" and that the "six-month period shall commence to run from the date . . . the information [is] filed." Speedy trial time is calculated by excluding the date the information was filed, counting forward 6 calendar months, backing up 1 day, and then adding the excludable time periods to that date. See, *State v. Sumstine, supra*; *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981); *State v. Washington, ante* p. 598, 658 N.W.2d 302 (2003). The information against Feldhacker was filed in the district court for Seward County on August 30, 2000. Excluding the day the information was filed, the last day on which Feldhacker could have been tried within the statutory 6-month period was February 27, 2001, unless any period between the filing of the information and February 27 must be excluded. See *State v. Murphy*, 255 Neb. 797, 587 N.W.2d 384 (1998). (August 31, 2000, to last day of sixth month equals February 28, 2001, minus 1 day equals February 27.)

■ Clearly, trial was not commenced on February 27, 2001, and we therefore turn to the excludable time periods under § 29-1207, which provides in relevant part:

(4) The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement and motions for a change of venue . . .

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. . . .

(c) The period of delay resulting from a continuance granted at the request of the prosecuting attorney, if:

(i) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain

such evidence and there are reasonable grounds to believe that such evidence will be available at the later date; or

(ii) The continuance is granted to allow the prosecuting attorney additional time to prepare the state's case and additional time is justified because of the exceptional circumstances of the case;

. . . .

(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.

### (a) Feldhacker's Pretrial Motions

On September 21, 2000, Feldhacker's counsel filed four pretrial motions, which were all set for hearing on October 31. Under § 29-1207(4)(a), the entire period attributable to disposition of Feldhacker's four pretrial motions is excluded in computing the time within which the State was required to commence Feldhacker's trial. See *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987) (under § 29-1207(4)(a), there is no reasonableness inquiry because periods falling under such section are *automatically* excluded). See, also, *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990). Thus, the excludable period commenced on September 22, the day after Feldhacker filed his four pretrial motions. See *State v. Baker*, 264 Neb. 867, 873, 652 N.W.2d 612, 617 (2002) ("'excludable period under § 29-1207(4)(a) commences on the day immediately after the filing of a defendant's pretrial motion,'" quoting *State v. Oldfield, supra*). But see *State v. Recek*, 263 Neb. 644, 649, 641 N.W.2d 391, 396 (2002) ("excludable period attributable to a defendant's pretrial motion is calculated from the date the motion is filed until the date the motion is granted or denied"). Accord *State v. Ward*, 257 Neb. 377, 597 N.W.2d 614 (1999), citing *State v. Brown*, 214 Neb. 665, 335 N.W.2d 542 (1983).

In *State v. Baker, supra*, the defendant's first motion for discharge was filed January 20, 2000, and overruled on February 2, and the Supreme Court said that beginning on January 21, there are 13 excluded days, thereby not counting the day of filing. We use the same method, although we recognize that there is an apparent inconsistency between *Baker* and *Ward* and that

*Recek* uses the same rule as *Ward.* We follow *Baker,* since it is the most recent decision. We do note that the count detailed above in *Baker* involved a motion to discharge, but the court said that it was a pretrial motion, which prevents us from distinguishing *Ward,* where the count was with respect to a motion for discovery.

In the present case, on October 24, 2000, the State filed a motion to continue the *Jackson v. Denno* hearing, one of Feldhacker's pretrial motions. Feldhacker did not object to the continuance. The *Jackson v. Denno* hearing was set and had on December 4, at which hearing Troopers Bybee and Warnke testified. At the conclusion of the hearing, the State orally requested a continuance to allow the affidavit of Trooper Peck to be received by the court. Feldhacker's counsel said "[s]o stipulated" in response to the State's request.

Feldhacker first argues that the time period between December 4, 2000, and January 22, 2001, is not excludable under § 29-1207(4) because during the *Jackson v. Denno* hearing, his counsel only stipulated to "supplementing" the hearing with Trooper Peck's affidavit, and that therefore, the final disposition of the pretrial motions was on December 4, 2000, not January 22, 2001. But as is apparent from our recitation of the procedural background, defense counsel's stipulation was open-ended and there was no limitation on when Trooper Peck's affidavit had to be filed. Counsel could have imposed a time limit for securing the affidavit, but did not.

Additionally, Feldhacker argues that pursuant to § 29-1207(4)(c)(i), the State had to exercise "due diligence" in obtaining Trooper Peck's affidavit, which the State failed to do, and that therefore, the time period between December 4, 2000, and January 22, 2001, is not excludable under § 29-1207(4). This argument is also without merit.

Pursuant to § 29-1207(4)(b), "[t]he period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel" is excluded in computing the time for trial. Defense counsel agreed to an open-ended continuance, and Feldhacker cannot modify that stipulation now by claiming that the agreement was conditioned on the State's exercising "due diligence" in getting Trooper Peck's affidavit.

On January 4, 2001, the State submitted Trooper Peck's affidavit, and on January 22, the district court made its final ruling on Feldhacker's *Jackson v. Denno* motion. Therefore, the period from September 22, 2000, to January 22, 2001, inclusive, consists of 123 days which are excluded in determining the last day for commencement of Feldhacker's trial.

(b) Feldhacker's Inmate Request Forms

On January 24, 2001, Feldhacker filed an inmate request form, addressed to the "Seward Court House, Clerk of Court," stating: "I would like copies of court transcripts, for my preliminary hearing and my motions hearing on 12/4/00, case [N]o[.] CR00-33 and [sic] sent to me at the jail." On February 13, 2001, the district court denied Feldhacker's request, a questionable ruling, and the court determined in its final order that the request was a pretrial motion for discovery and counted it in determining excludable days.

Feldhacker asserts that the January 24, 2001, inmate request form was not an application to the trial judge or a pretrial motion. A litigant is entitled to, putting aside the question of payment, transcripts of court proceedings in his or her case without intervention of or approval by the trial judge. The fact is that this request was addressed to the court clerk, not the trial judge, and requested things to which Feldhacker was entitled. Section 29-1207(4)(a) does exclude "[t]he period of delay resulting from other *proceedings* concerning the defendant." (Emphasis supplied.) Accordingly, while the request clearly was not discovery, we consider whether it was an excludable proceeding.

In *State v. Murphy*, 255 Neb. 797, 803-04, 587 N.W.2d 384, 389 (1998), the Nebraska Supreme Court discussed the term "proceeding" as used in § 29-1207(4)(a):

Black's Law Dictionary 1204 (6th ed. 1990) states that a "proceeding" is "[i]n a more particular sense, any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object." If the term "proceedings" was read broadly, rather than in its "particular sense," § 29-1207(4)(a) would include any delay at trial that "concerns" the defendant. If the Legislature had intended that the

term "proceeding" encompass such a broad purview, there would have been little reason for the Legislature to have provided for exclusion under § 29-1207(4)(f), the "catchall provision." *State v. Turner*, 252 Neb. [620,] 629, 564 N.W.2d [231,] 237 [(1997)]. Thus, the term "proceeding" must be read narrowly.

■ Clearly, the January 24, 2001, inmate request form seeking transcriptions of prior court proceedings was directed to the clerk of the Seward County District Court, was not an " 'application to a court of justice . . . for relief,' " and thus, is not a "proceeding" pursuant to § 29-1207(4)(a). As said, it was not an excludable discovery request either. Therefore, the period of time from January 24 to February 13 is not excludable under § 29-1207(4)(a).

(c) Feldhacker's Motion to Continue Status Hearing

On March 22, 2001, the district court set a status hearing for April 10. On the day of the scheduled status hearing, Feldhacker's counsel filed a motion to produce a written copy or an audiotape of the communications among the state troopers regarding the apprehension and arrest of Feldhacker. During the status hearing, Feldhacker's counsel reported that the motion to produce had been resolved between the parties; however, he orally requested a continuance of the status hearing, which request was granted by the court, and the hearing was reset for April 24.

Feldhacker concedes that pursuant to § 29-1207(4)(b), the time period between April 10 and 24, 2001, should be excluded. Thus, the period from April 11 to 24, inclusive, consisting of 14 days, is excludable. See *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002).

(d) Feldhacker's Praecipe for Transcripts

On April 25, 2001, Feldhacker's counsel filed a praecipe for transcript of the *Jackson v. Denno* hearing. The transcript was completed on May 16. The trial court found that the 22-day delay from April 25 to May 16 was excludable for " 'good cause' " pursuant to § 29-1207(4)(f), the "catchall" portion of the speedy trial statute. The court reasoned that "[Feldhacker's] own actions by requesting the transcriptions of the preliminary hearing and the district court motion hearings caused the delay" and that the delay

was not attributable to any "negligence or misconduct" on the part of the State.

Good cause is not shown simply because there has been no proof that the State acted in bad faith. *State v. Recek*, 263 Neb. 644, 641 N.W.2d 391 (2002). *Recek* makes it clear that good cause is applicable as a defense when the State causes delay but wants the speedy trial clock stopped during such delay. If a trial court relies on § 29-1207(4)(f) in excluding a period of delay from the 6-month computation, a general finding of good cause will not suffice, and the trial court *must* make specific findings as to the good cause or causes which resulted in the extensions of time. *State v. Kinstler*, 207 Neb. 386, 299 N.W.2d 182 (1980). The State has the burden to prove the existence of an excludable time period pursuant to § 29-1207(4)(f). See *State v. Recek, supra.*

Accordingly, the trial court's analysis of the praecipe for transcript of the *Jackson v. Denno* hearing is flawed. The basic notion of the speedy trial statute is that a defendant has a right to a trial within 6 months unless the defendant causes the delay by filing motions and getting continuances or the State occasions delay for good cause. See § 29-1207. Thus, by analyzing the defendant's praecipe under the standard for excludable delay caused by the State, i.e., good cause, the trial court has erred. A transcript of a previous proceeding is a matter which the defendant has a right to have, and a praecipe is simply a directive to the reporter to prepare an official record. Getting such a transcript is trial preparation, and trial preparation by the defendant does not lengthen the time in which the State has to try the defendant unless such preparation takes the form of a pretrial motion by the defendant or is a proceeding—both of which have the common element of requesting action by the court. Generally, a praecipe does not require court action, but merely triggers the duty of the reporter to prepare the materials sought. Therefore, the time period from April 25 to May 16, 2001, is not excludable under § 29-1207(4)(f).

## 2. Resolution

We find that Feldhacker's statutory right to a speedy trial was not infringed but that more time has run than the district court calculated. In summary fashion, we set forth the excluded and the included days under the Nebraska speedy trial act:

| | |
|---|---|
| August 30, 2000 | Information filed |
| | 22 days included—8/31 to 9/21 |
| September 22, 2000 | Day after Feldhacker's pretrial motions filed |
| | 123 days excluded—9/22/00 to 1/22/01 |
| January 22, 2001 | Disposition of motions |
| | 78 days included—1/23 to 4/10 |
| April 11, 2001 | Day after Feldhacker's motion to continue status conference |
| | 14 days excluded—4/11 to 4/24 |
| April 24, 2001 | Status conference |
| | 77 days included—4/25 to 7/10 |
| July 10, 2001 | Motion to discharge filed |
| | Total: 177 days included |
| | 137 days excluded |

We add 137 excludable days to February 27, 2001, using the method set forth in *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991), which means that the last day to begin Feldhacker's trial was July 14.

Consequently, when Feldhacker filed his pro se motion for absolute discharge on July 10, 2001, 177 days of the allowable time in which to try Feldhacker had run. Under *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002), the date of the motion to discharge is excluded from the count. Therefore, when the district court takes action on our mandate, see *State v. Ward*, 257 Neb. 377, 597 N.W.2d 614 (1999), the State will have 5 days in which to begin Feldhacker's trial. Thus, while the trial court properly denied the motion for discharge on statutory grounds, it erred when it said that 45 days remained. We modify the district court's decision so that 5 days remain to begin Feldhacker's trial under the Nebraska speedy trial act. Obviously, the time during which Feldhacker's appeal of the motion for discharge has been pending before this court is excluded. See *id.*

### 3. CONSTITUTIONAL RIGHT TO SPEEDY TRIAL

The constitutional right to a speedy trial is found in U.S. Const. amend. VI and XIV and Neb. Const. art. I, § 11. The constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other. *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). Determining

whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in which the courts must approach each case on an ad hoc basis. This balancing test involves four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *Id.* None of these four factors standing alone is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. Rather, the factors are related and must be considered together with other circumstances as may be relevant. *Id.*

### (a) Length of Delay

Feldhacker alleges that the 331-day delay (actually 314 days according to our calculation) from the time of the filing of the information on August 30, 2000, until the time of Feldhacker's pro se motion for absolute discharge on July 10, 2001, was "neither necessary nor reasonable." Brief for appellant at 16.

In the present case, the six-count information against Feldhacker was filed on August 30, 2000. Some 10 months later, on July 10, 2001, Feldhacker filed his pro se motion for absolute discharge. Of that time, however, 137 days are attributable to actions by Feldhacker, as calculated above. This means that the State has taken nearly all of the allowable 6-month statutory window for trial. Nonetheless, we have already determined that the length of this delay was insufficient to warrant an absolute discharge in the context of § 29-1207. While the constitutional and statutory speedy trial rights exist independently of one another, see *State v. Ward, supra*, the statute provides a useful standard for assessing whether the length of delay before trial is unreasonable under the Constitution. While the 177-day delay is close to the "6-month rule," the delay is within the statutory period; therefore, this factor weighs slightly in favor of the State.

### (b) Reason for Delay

We now turn to the reasons for the delay. Feldhacker alleges that the reason for the 314-day delay "is at least negligence by the State, and potentially may involve some intent based on the weakness of the case against [Feldhacker]." Brief for appellant at 16. Of course, at this point, we know nothing about the strength or weakness of the case against Feldhacker.

Initially, Feldhacker filed four discovery motions on September 21, 2000. The motions were set for hearing on October 31. On October 24, the State filed a continuance for the reason that the State's "chief witness" was unavailable due to training. Feldhacker did not object to resetting the hearing for December 4. Three of the pretrial discovery motions were decided on November 13, and the *Jackson v. Denno* hearing was had on December 4 as scheduled. At the conclusion of the hearing, the State asked for a continuance in order for an unavailable state trooper's affidavit to be received into evidence. Feldhacker stipulated to the continuance, and the final disposition of the hearing was filed on January 22, 2001.

Additionally, on April 10, 2001, Feldhacker made an oral motion to continue a status hearing scheduled for that day. The status hearing was held on April 24. Therefore, we find that there was sufficient reason for the 137 days of delay due to Feldhacker's pretrial discovery motions and motion to continue.

### (c) Feldhacker's Assertion of Right

Feldhacker asserts that this third factor weighs strongly in his favor. Specifically, Feldhacker contends that prior to his pro se motion for absolute discharge on July 10, 2001, a trial date had not been set and no forward activity had occurred since April 25. We agree. Based on our statutory determination above, the State had 5 days to bring Feldhacker to trial, and a trial date had not been set. Therefore, this factor favors Feldhacker.

### (d) Prejudice to Feldhacker

Thus, we turn to the final factor in the balancing test, prejudice to the defendant, which the authority suggests be looked at with particularity. *State v. Alcaraz*, 8 Neb. App. 215, 590 N.W.2d 414 (1999) (citing *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)). Feldhacker alleges that he has suffered extreme prejudice because (1) he was incarcerated since his arrest on July 29, 2000, until December 28, 2001, when he posted bond, and (2) he suffered anxiety, concern, and frustration while being incarcerated.

Prejudice should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. The U.S. Supreme Court has identified three such interests:

(1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. *Id.* (citing *Barker v. Wingo, supra*). In the instant case, the record demonstrates that prejudice, if any, was minimal. There is nothing in the record which shows that Feldhacker's bond was set at an unreasonable amount, that he was deprived of any evidence, or that he suffered from anxiety or concern.

Based on the record, Feldhacker failed to show that he was prejudiced by the delay between late August 2000 and July 2001. There is no evidence that any key witness for the defense was ill or threatening to leave the state, that the memories of witnesses were fading, or that Feldhacker's defense was otherwise prejudiced by the delay. See *id.* When we weigh the four factors to determine whether there has been a denial of the constitutional right to a speedy trial, we find there has been no denial of Feldhacker's constitutional right to a speedy trial, particularly given the complete absence of prejudice. Therefore, Feldhacker was not deprived of his right to a speedy trial under the federal or state Constitution.

AFFIRMED AS MODIFIED.