STATE OF NEBRASKA, APPELLEE, V.
WILLIAM J. FELDHACKER, APPELLANT.
663 N.W.2d 143

Filed May 27, 2003.   No. A-02-131.

Sanford J. Pollack, of Pollack & Ball, L.L.C., for appellant.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

SIEVERS, Judge.

The State has filed a motion for rehearing in which it argues that our opinion released on March 11, 2003, in *State v. Feldhacker, ante* p. 608, 657 N.W.2d 655 (2003), is incorrect in its analysis of whether good cause was present to exclude from the running of the speedy trial clock the 22 days during which transcriptions of prior court hearings were being prepared. While we agree in part with the State's argument, we overrule the motion for rehearing. We do, however, withdraw from our earlier opinion all of the section, including syllabus points 8 through 11, designated as "(d) Feldhacker's Praecipe for Transcripts," *id.* at 617, 657 N.W.2d at 664, and replace that portion of the analysis

discussion with the following section, because while the result is the same, the opinion requires clarification:

(d) Feldhacker's Praecipe for Transcripts

On April 25, 2001, Feldhacker's counsel filed a praecipe for a transcript of the *Jackson v. Denno* hearing in the district court and a praecipe for a transcript of the county court's preliminary hearing. Both transcripts were completed by May 16. In the district court, the State argued that the 22 days required to complete such transcripts should be excluded from the running of the speedy trial clock for good cause. The trial court found that the "22 days spent in transcribing the materials the defendant requested on April 25, 2001, are excludable for 'good cause' " under Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 1995), which is the catchall portion of the speedy trial statute. The trial court reasoned that Feldhacker's "own actions by requesting the transcriptions of the preliminary hearing and the district court motion hearings caused the delay" and that the delay was not attributable to any "negligence or misconduct" on the part of the State.

The State argues to us that under the holding of *State v. Murphy*, 255 Neb. 797, 587 N.W.2d 384 (1998), the trial court correctly excluded the 22 days. *Murphy* involved the question of whether the period of time from the trial court's ruling on a motion for depositions until the depositions were concluded is excludable under § 29-1207(4)(a). The *Murphy* court held that such period of time was not excludable under that section of the speedy trial statute, but said that such period of time "may or may not be excluded under § 29-1207(4)(f), with the inquiry turning upon whether there is 'good cause' for the delay." 255 Neb. at 804, 587 N.W.2d at 389. The *Murphy* court, citing *State v. Kinstler*, 207 Neb. 386, 299 N.W.2d 182 (1980), said that when relying on § 29-1207(4)(f), a general finding of good cause will not suffice and the trial court must make specific findings as to the good cause or causes which resulted in the extension of time.

Good cause is not shown simply because there has been no proof that the State acted in bad faith. *State v. Recek*,

263 Neb. 644, 641 N.W.2d 391 (2002). *Recek* makes it clear that good cause is the test when the State causes delay but wants the speedy trial clock stopped during the delay. The burden of proof to show the existence of an excludable time period pursuant to the good cause provision of § 29-1207(4)(f) is upon the State. See *State v. Recek, supra.*

The trial court's exclusion of these 22 days from the filing of the praecipe until the completion of the transcripts was error. The basic notion of the speedy trial statute is that a defendant has a right to be tried within 6 months unless the defendant waives such right or causes delay by filing motions or securing continuances, unless the State causes delay by securing continuances due to the unavailability of evidence material to the State or due to exceptional circumstances which justify additional time to allow the State to prepare its case, or unless there are "[o]ther periods of delay . . . but only if the court finds that they are for good cause." § 29-1207(4)(f). The trial court was correct in looking at the 22 days under the good cause portion of the statute.

However, because a transcript of a previous court proceeding is something to which a defendant would normally be entitled as a matter of right and because a praecipe is simply a directive to the court reporter to prepare such official transcript, the time period while the reporter prepares the transcript is simply trial preparation and does not automatically become a period of delay under § 29-1207(4)(f). The State correctly suggests that trial court involvement is needed in a case where the defendant is proceeding in forma pauperis under Neb. Rev. Stat. § 25-2306 (Cum. Supp. 2002), as was Feldhacker, which statute provides that in such instances, the court shall order transcripts to be furnished without cost if the suit or appeal is not frivolous but presents a substantial question and if the transcript is needed to prepare, present, or decide the issue presented by the case or appeal. This question was decided on April 24, 2001, when the court ordered that Feldhacker's counsel would file praecipes for the transcripts at county expense.

Counsel filed the praecipes the next day. There could be no delay by the defense, since the praecipes were filed the next day and payment was already ordered to be made by the county in the court's order of April 24. Thus, it was only a matter of the county court stenographer and the district court reporter preparing the records.

Key to the analysis of whether the time for preparation of the transcripts is excluded is that while the defendant has requested the transcripts, it is the State which seeks to exclude this time period from the speedy trial clock on the basis of good cause. Under the statute, the State's burden was to prove that there was in fact a period of delay involved and that there was good cause to exclude that period of delay. Here, the record shows nothing but a "period of time" of 22 days as opposed to a "period of delay" between praecipe and completion of transcript. There was no showing by the State that this period of time was outside the norm for preparation of such a record or that the court reporters were in any way delayed. For example, if the State could establish (1) that the court reporter was sick and unable to work for 2 months and (2) that the defendant was unwilling to proceed to trial without the transcripts, then there clearly would be a showing of good cause for a period of delay beyond the norm for the preparation of such transcripts. It is misapplication of the "good cause" provision of the speedy trial statute to exclude the defendant's trial preparation time, such as securing a transcript of a previous hearing, which is not specifically within § 29-1207(4)(a) through (e) when the State has not proved both a period of delay and good cause for it.

For the sake of completeness, we note that the trial judge's order references Feldhacker's pro se request, which is in the form of a letter to the judge filed on April 12, 2001, and asks for the two transcripts discussed above and for two other items designated as "(C) Seward County Dispatch[e]r communications audio tape recordings" and "(D) Dispatch records from the City Police Dep[artment]." We shall refer to these simply as (C) and (D). The time

from the filing of that document on April 12 until its resolution at the status hearing of April 24 is excluded under our discussion in subparagraph (c) of our opinion. The trial court's reasoning concerning the praecipes mistakenly references items (C) and (D) and points to the other sections of Feldhacker's letter of April 12 in which he asserts that law enforcement's report was fabricated and that it "wouldn't make any [sense] showing up to trial with[out] the state patrol[']s audio tape." This reasoning does not apply to the praecipe for transcripts, but, rather, to Feldhacker's request for (C) and (D), which request the trial court denied on April 24 at the status hearing. Thus, to the extent that items (C) and (D) in Feldhacker's pro se request are considered a motion for discovery, it was ruled upon and disposed of on April 24. As said earlier, the time from the filing of the request until its resolution has already been excluded. Thus, use of Feldhacker's assertions as to why he needed (C) and (D) had nothing to do with the analytical framework for whether there was a period of delay while official court proceedings were being transcribed pursuant to the praecipes and whether there was good cause for such delay. Therefore, the 22 days from April 25 to May 16 is not excludable from the speedy trial clock under § 29-1207(4)(f).

The rest of the opinion shall remain unmodified.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.