STATE OF NEBRASKA, APPELLEE, V.
WILLIAM J. FELDHACKER, APPELLANT.
672 N.W.2d 627

Filed January 2, 2004.   No. S-02-131.

William J. Feldhacker, pro se.

Jon Bruning, Attorney General, and Susan J. Gustafson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

STEPHAN, J.

William J. Feldhacker appealed from an order of the district court for Seward County denying his motion for absolute discharge based upon an alleged violation of his constitutional and statutory rights to a speedy trial. The Nebraska Court of Appeals affirmed as modified, determining that although the district court erred in excluding a certain time period, there were still 5 days remaining in which Feldhacker could be brought to trial under the Nebraska speedy trial act. *State v. Feldhacker*, 11 Neb. App. 608, 657 N.W.2d 655 (2003), *modified on denial of rehearing* 11 Neb. App. 872, 663 N.W.2d 143. We granted petitions for further review filed by each party.

## I. BACKGROUND

### 1. DISTRICT COURT

We adopt the Court of Appeals' summary of the factual and procedural background in the district court, which we set forth

verbatim here. See *State v. Feldhacker*, 11 Neb. App. at 609-12, 657 N.W.2d at 659-60.

[O]n August 30, 2000, the State filed an information in the district court for Seward County charging Feldhacker with three felonies, two misdemeanors, and one infraction. On September 21, Feldhacker's counsel filed a motion to discover; a motion for disclosure of *Brady* materials, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); a motion for a *Jackson v. Denno* hearing, pursuant to *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964); and a motion for disclosure of intention to use evidence of other crimes or other acts. All four pretrial motions were set for hearing before the trial court on October 31.

On October 24, 2000, the State filed a motion to continue the *Jackson v. Denno* hearing, which continuance was not objected to by Feldhacker's counsel, David L. Kimble, and the hearing was reset for December 4. On October 31, Feldhacker sent an "Inmate Request Form" to the Seward County District Court requesting to see the trial judge for a bond hearing and to inquire about Kimble's performance. On November 2, Feldhacker sent a similar request addressed to the district court specifically stating that Kimble was lying to him and that his right to legal counsel was being denied. On November 6, the court filed both inmate requests with the clerk of the court and set a hearing for November 13.

On November 13, 2000, the previously mentioned discovery and disclosure motions were heard and a discovery compliance deadline was set for December 13. On December 4, the *Jackson v. Denno* hearing was held in the district court. After testimony was received from Troopers Randy Bybee and Marcus Warnke of the Nebraska State Patrol, the following exchange occurred:

"[State's attorney]: Your Honor, there is one other person, and I have spoken with Mr. Kimble about on [sic] this person. It would be Trooper [Franklin] Peck, and he had just a couple of statements that [Feldhacker] made, and Mr. Peck was unavailable to be here today. But I will be typing

up an affidavit in regards to what the circumstances were and the statements. And Mr. Peck would sign that affidavit, and I will present that to Dave Kimble. And I believe he would not have an objection from me supplementing this hearing date in regards to that affidavit.

"THE COURT: Mr. Kimble?

"MR. KIMBLE: So stipulated.

"THE COURT: All right. The stipulation's approved and accepted."

On January 4, 2001, the State submitted Trooper Franklin Peck's affidavit. The district court made its final ruling on the *Jackson v. Denno* motion on January 22, finding that all of Feldhacker's statements made to Troopers Bybee, Warnke, and Peck were voluntary and therefore admissible at trial.

On January 23, 2001, Feldhacker sent another inmate request form to the clerk of the Seward County District Court requesting a transcript of the *Jackson v. Denno* hearing. The request was filed with the court on January 24 and denied on February 13.

On March 22, 2001, the district court set a status hearing for April 10. On the day of the scheduled status hearing, Feldhacker's counsel filed a motion to produce a written copy or an audiotape of the communications among the state troopers regarding the apprehension and arrest of Feldhacker. The production motion was subsequently resolved between the parties. Furthermore, Feldhacker's counsel orally requested a continuance of the status hearing, which continuance was granted by the court, and the status hearing was reset for April 24.

On April 12, 2001, Feldhacker sent two written inmate requests, this time specifically to the trial judge, requesting, inter alia, discovery materials, trial court transcripts, and hearing updates. On April 16, the district court set a hearing for April 24, based on Feldhacker's requests. On April 24, the status hearing was had, whereby Feldhacker's previously mentioned requests were denied with the exception of the request for trial transcripts. On April 25, Feldhacker's counsel filed a praecipe for transcript of the

*Jackson v. Denno* hearing. The transcript was completed on May 16.

On July 3, 2001, Feldhacker requested by written motion that Kimble be removed and that the court grant Feldhacker an absolute discharge because his statutory right to a speedy trial was denied. The request and pro se motion for absolute discharge was filed by the clerk of the district court on July 10. On July 10, the trial court denied Feldhacker's request to terminate his counsel and set a hearing for July 24 on Feldhacker's motion for absolute discharge. On July 24, the motion for absolute discharge was heard and submitted, and the court gave both parties 14 days for written arguments.

Sometime after July 24, 2001, Feldhacker succeeded in his efforts to remove Kimble as his attorney. Feldhacker's next two court-appointed attorneys were also replaced. On September 12, Feldhacker notified the court by inmate request that his family had retained Matthew L. McBride as his new counsel.

On September 24, 2001, McBride filed an amended motion for absolute discharge asserting Feldhacker's right to a speedy trial discharge pursuant to Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 1995); Neb. Const. art. I, § 11; and the Sixth Amendment to the U.S. Constitution. The amended motion was heard and submitted on September 25. Sometime after September 25, Feldhacker removed McBride as his counsel and replaced him with his present attorney. [We note that Feldhacker appeared pro se in briefs and argument before this court.]

On December 31, 2001, the district court overruled Feldhacker's amended motion for absolute discharge. Based on Feldhacker's statutory claim, the court found: "Combining all the excludable periods preceding July 10, 2001, I find 179 days excludable. The last day for commencement of trial would have been August 24, 2001. [Feldhacker] filed his first motion for absolute discharge (filed July 10, 2001) 45 days prematurely." Based on Feldhacker's constitutional claim, the court, applying the four-factor balancing test set out in *Barker v. Wingo*, 407

.

U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), found that "no violation of Mr. Feldhacker's constitutional speedy trial right appears from this record."

### 2. COURT OF APPEALS

Feldhacker appealed to the Court of Appeals, generally assigning that the district court erred in denying his motion for absolute discharge on both statutory and constitutional grounds. The Court of Appeals first addressed the time period excludable for disposition of Feldhacker's pretrial motions pursuant to Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 1995). It concluded that the entire 123-day period from September 22, 2000, the day after Feldhacker filed his pretrial motions, to January 22, 2001, the day the trial court made its final ruling on Feldhacker's motion pursuant to *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), was excluded from the statutory speedy trial computation pursuant to § 29-1207(4)(a).

Next, the Court of Appeals addressed the period from January 24, 2001, when Feldhacker filed an inmate request form seeking certain hearing transcripts, to February 13, when the district court denied the request. The court held that the district court erred in excluding this period from the speedy trial computation under § 29-1207(4)(a) because the inmate request form was directed to the clerk, not the judge, and therefore did not fall within the scope of the statutory exclusion.

The Court of Appeals next considered the period from Feldhacker's motion for continuance of a status hearing filed on April 10, 2001, to April 24, the date of the rescheduled hearing. The court noted that Feldhacker conceded that the period from April 11 to 24, inclusive, consisting of 14 days, was excludable under § 29-1207(4)(a), and so held.

Finally, the Court of Appeals considered the district court's exclusion pursuant to § 29-1207(4)(f) of the period between the filing of Feldhacker's praecipe for transcripts of his *Jackson v. Denno* and preliminary hearings on April 25, 2001, and the delivery of those transcripts to Feldhacker's counsel on May 16. In a modification of its original opinion, the Court of Appeals determined this exclusion to be error, reasoning that the period during which the court reporter prepared the transcripts was

"simply trial preparation and does not automatically become a period of delay under § 29-1207(4)(f)." *State v. Feldhacker*, 11 Neb. App. 872, 874, 663 N.W.2d 143, 145 (2003). The court concluded that the period in question, which it computed as 22 days, was not excludable from the speedy trial computation under § 29-1207(4)(f).

Based upon the foregoing analysis, the Court of Appeals concluded that while the district court did not err in denying the motion for absolute discharge on statutory grounds, it erred in determining that 45 days remained on the speedy trial clock. Based upon its calculation under *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002), the Court of Appeals modified the judgment of the district court "so that 5 days remain to begin Feldhacker's trial under the Nebraska speedy trial act," calculated from the day that the district court takes action on the mandate. *State v. Feldhacker*, 11 Neb. App. 608, 619, 657 N.W.2d 655, 665 (2003), *modified on denial of rehearing* 11 Neb. App. 872, 663 N.W.2d 143.

Finally, the Court of Appeals concluded that the district court did not err in determining that there had been no violation of Feldhacker's constitutional right to a speedy trial. Applying the four-part balancing test originally formulated in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), and utilized by this court, see *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000), the Court of Appeals reasoned that while Feldhacker had asserted his constitutional right to a speedy trial, the other three factors did not weigh in his favor.

## II. ASSIGNMENTS OF ERROR

In his petition for further review, Feldhacker assigns, summarized and restated, that the Court of Appeals erred in (1) determining that the period from October 31, 2000, the original hearing date set for his pretrial motions, to January 22, 2001, the date upon which the district court made its final ruling on the *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), motion, is excludable in computing the time for trial under § 29-1207(4) and (2) determining that his constitutional right to a speedy trial guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11, has not been violated.

In its petition for further review, the State assigns, restated, that the Court of Appeals erred by (1) misinterpreting our holding in *State v. Murphy*, 255 Neb. 797, 587 N.W.2d 384 (1998), (2) conducting a de novo review of the district court's finding of " 'good cause' " instead of applying a "clearly erroneous" standard of review, and (3) failing to address the State's argument that Feldhacker did not affirmatively assert his constitutional right to a speedy trial.

### III. STANDARD OF REVIEW.

■ As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Baker, supra*; *State v. Recek*, 263 Neb. 644, 641 N.W.2d 391 (2002).

■ To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*

### IV. ANALYSIS

#### 1. STATUTORY SPEEDY TRIAL ISSUES

Both parties have assigned error with respect to the Court of Appeals' determination of whether certain periods should be excluded from the statutory speedy trial calculation. We address these arguments in the chronological sequence of the periods to which they relate.

#### (a) October 31, 2000, to January 22, 2001

Feldhacker's pretrial motions filed on September 21, 2000, included a *Jackson v. Denno* motion and were originally set for hearing on October 31. The district court granted a continuance of the hearing date to December 4 in response to a motion for continuance filed by the State which recited that "the State of Nebraska has advised [the] attorney for [Feldhacker] of this Motion and he has no objection to this Motion." The district court ruled on the *Jackson v. Denno* motion on January 22, 2001, after holding the record open, to permit the State to submit additional evidence, to which Feldhacker's counsel stipulated on the record that he had no objection.

Feldhacker contends that the Court of Appeals erred in excluding the period from the original date set for hearing on the *Jackson v. Denno* motion until its disposition because (1) he did not consent to the continuance of the hearing date, (2) the State did not exercise "due diligence," and (3) the State did not prove "good cause" for the delay. Brief for appellant in support of petition for further review at 8. None of these arguments have merit.

As noted, Feldhacker did not object to the continuance and therefore consented. In addition, § 29-1207(4)(a) does not include any requirement that the State show "due diligence" or "good cause." See *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). We have specifically declined to "rewrite the provisions of § 29-1207(4)(a) to include and require a reasonable time or good cause for delay in disposition of the pretrial matters described or characterized in § 29-1207(4)(a) as a part of the Nebraska speedy trial act." *State v. Lafler*, 225 Neb. 362, 373, 405 N.W.2d 576, 583-84 (1987), *abrogated on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990). In *Lafler*, we cited and followed the reasoning of the U.S. Supreme Court in *Henderson v. United States*, 476 U.S. 321, 106 S. Ct. 1871, 90 L. Ed. 2d 299 (1986). *Henderson* construed a provision of the federal Speedy Trial Act of 1974 which was substantially similar to § 29-1207(4)(a). Noting that courts "often find it impossible to resolve motions on which hearings have been held until the parties have submitted posthearing briefs or additional factual materials," the Court in *Henderson* specifically held that the federal statutory provision relevant to pretrial motions filed by a criminal defendant excluded the "time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion." 476 U.S. at 331.

The Court of Appeals thus did not err in affirming the finding of the district court that the entire period between filing and final disposition of Feldhacker's pretrial motions was excluded from the speedy trial computation. In computing the excluded period, the Court of Appeals correctly followed *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002), and determined that the first excludable day was September 22, 2000, the day after Feldhacker filed his pretrial motions. See, also, *State v. Oldfield*, 236 Neb. at 443,

461 N.W.2d at 561 (holding "an excludable period under § 29-1207(4)(a) commences on the day immediately after the filing of a defendant's pretrial motion"). To the extent that *State v. Recek*, 263 Neb. 644, 641 N.W.2d 391 (2002), and *State v. Ward*, 257 Neb. 377, 597 N.W.2d 614 (1999), suggest a different method of computation, they are disapproved.

### (b) April 25 to May 16, 2001

This period was excluded by the district court pursuant to § 29-1207(4)(f). It reflects the period of time between Feldhacker's filing of praecipes for transcriptions of various hearings which had been held in the district and county courts and the completion and delivery of the transcript to Feldhacker. The district court determined that the State had shown " 'good cause' " for exclusion of this period from the speedy trial computation in that Feldhacker had requested the transcripts and other materials in order to prove at trial his claim that the State's case was fabricated and that he was innocent. The court specifically found that the delay was "not attributable to any negligence or misconduct on the part of the State."

In reversing the order of the district court on this issue, the Court of Appeals reasoned that because Feldhacker was entitled to the transcripts, their preparation was "simply trial preparation and does not automatically become a period of delay under § 29-1207(4)(f)." *State v. Feldhacker*, 11 Neb. App. 872, 874, 663 N.W.2d 143, 145 (2003). The court held that the State had the burden to prove that "there was in fact a period of delay involved and that there was good cause to exclude that period of delay." *Id.* at 875, 663 N.W.2d at 146. In concluding that the burden was not met, the Court of Appeals noted:

> Here, the record shows nothing but a "period of time" of 22 days as opposed to a "period of delay" between praecipe and completion of transcript. There was no showing by the State that this period of time was outside the norm for preparation of such a record or that the court reporters were in any way delayed.

*Id.*

We agree with the State's argument on further review that there is no meaningful distinction between the phrases "period of

time" and "period of delay." Although § 29-1207(4) uses the phrase "period of delay," any such period is necessarily described and quantified in terms of time. Thus, in interpreting and applying the speedy trial act, we have used the words "time" and "delay" interchangeably. For example, in *State v. Murphy*, 255 Neb. 797, 804, 587 N.W.2d 384, 389 (1998), we held that "the period of time" between a trial court's ruling on a motion for depositions until the depositions are completed is not excludable under § 29-1207(4)(a), but "such a period" may or may not be excluded under § 29-1207(4)(f). See, also, *State v. Turner*, 252 Neb. 620, 629, 564 N.W.2d 231, 237 (1997) (stating "where the excludable period properly falls under § 29-1207(4)(a) rather than the catchall provision of § 29-1207(4)(f), no showing of reasonableness or good cause is necessary to exclude the *delay*," and "the plain terms of § 29-1207(4)(a) exclude all *time* between the time of the filing of the defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the *delay*" (emphasis supplied)); *State v. Lafler*, 225 Neb. 362, 372-73, 405 N.W.2d 576, 583 (1987) (stating "the Nebraska Legislature, in § 29-1207(4)(a), has not indicated a limitation, restriction, or qualification of *time to be excluded* as the result of a defendant's specific pretrial act or conduct, that is, exclusion of a *period of delay* in computing the time for commencement of trial pursuant to the Nebraska speedy trial act" (emphasis supplied)), *abrogated on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990).

The phrase "period of delay" in § 29-1207(4)(f) refers to a specified period of time in which trial did not commence. The State must prove that there was good cause why trial did not commence during such period in order to exclude it from the speedy trial computation under § 29-1207(4)(f). If a trial court relies on that section in excluding a period of delay from the 6-month computation, a general finding of "good cause" will not suffice and the trial court must make specific findings as to the good cause or causes which resulted in the extensions of time. *State v. Murphy, supra*; *State v. Kinstler*, 207 Neb. 386, 299 N.W.2d 182 (1980). Here, the district court made a specific finding that there was good cause to exclude the period during which the requested transcripts were being prepared because Feldhacker

had represented to the court that he needed such transcripts, as well as other materials, to defend himself at trial by proving his claim that the charges against him were fabricated. The Court of Appeals was required to give deference to this factual finding unless it determined it to be clearly erroneous. See, *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002); *State v. Recek*, 263 Neb. 644, 641 N.W.2d 391 (2002). Although the appellate court explained its disagreement with the reasoning underlying the district court's finding of good cause, it did not make a specific determination that the finding was clearly erroneous.

The district court's finding of good cause was not clearly erroneous. The record supports a finding that Feldhacker had represented that he was not prepared to go to trial until he had the various items of "evidence" which he believed would prove his innocence. The State did nothing to delay the preparation of the transcripts. Thus, it was not clearly erroneous for the trial court to conclude that there was "good cause" why trial did not commence during the period between Feldhacker's formal request for the transcripts and their completion. Accordingly, we conclude that the Court of Appeals erred in determining that this period is not excludable from the speedy trial clock under § 29-1207(4)(f). However, we determine that the first day of the excludable period should have been April 26, 2001, the day after the praecipe was filed. See *State v. Baker, supra*. Thus, there are 21 excludable days.

## 2. SPEEDY TRIAL CALCULATION

Except for the fact that it does not exclude the 21-day period from April 26 to May 16, 2001, we agree with the speedy trial calculation set forth in the opinion of the Court of Appeals. See *State v. Feldhacker*, 11 Neb. App. 608, 657 N.W.2d 655 (2003), *modified on denial of rehearing* 11 Neb. App. 872, 663 N.W.2d 143. Thus, we modify the judgment of the Court of Appeals to reflect that under the Nebraska speedy trial act, there are 26 days remaining in which to bring Feldhacker to trial, beginning when the district court takes action on the mandate.

## 3. CONSTITUTIONAL SPEEDY TRIAL ISSUES

The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11; the

constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other. *State v. Karch*, 263 Neb. 230, 639 N.W.2d 118 (2002); *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000). Determining whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in which the courts must approach each case on an ad hoc basis. This balancing test involves four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. None of these four factors standing alone is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial; rather, the factors are related and must be considered together with such other circumstances as may be relevant. *State v. Tucker, supra.*

In affirming the district court's determination that Feldhacker was not deprived of his constitutional right to a speedy trial, the Court of Appeals determined that the first, second, and fourth factors which make up the balancing test weighed in favor of the State. It concluded that the third factor, i.e., assertion of the right, favored Feldhacker. On further review, Feldhacker argues that the Court of Appeals erred in its analysis of the three factors which the court found to weigh against a constitutional violation. We have examined Feldhacker's arguments and are not persuaded by them. We agree with the analysis of the Court of Appeals as set forth in its opinion.

In its petition for further review, the State argues that the Court of Appeals erred in determining that under the third factor of the test, Feldhacker had asserted his constitutional right to a speedy trial. However, an appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *State v. Mata*, 266 Neb. 668, 668 N.W.2d 448 (2003); *State v. Lee*, 265 Neb. 663, 658 N.W.2d 669 (2003). Resolution of the issue of whether Feldhacker "asserted his constitutional right" for purposes of the balancing test would serve no purpose in deciding the matter before us, as we agree with the Court of Appeals that the other three factors which compose the test weigh in favor of the State and defeat Feldhacker's claim that he was denied his constitutional right to a speedy trial. Accordingly, we do not reach the issue of whether the Court of

Appeals was correct in its conclusion that Feldhacker asserted such right.

## V. CONCLUSION

We modify the judgment of the Court of Appeals only to the extent that it erred in holding that the 21-day period from April 26 to May 16, 2001, was not excludable from the statutory speedy trial calculation. As a result, the State will have 26 days from the date when the district court acts on the mandate in which to bring Feldhacker to trial, and not 5 days as determined by the Court of Appeals. In all other respects, the judgment of the Court of Appeals is affirmed.

AFFIRMED AS MODIFIED.

McCORMACK, J., not participating.