of [Ashley's] compliance with the court orders and the court-ordered services. And any party can always request an early review if [Ashley] has decided to participate in the rehabilitative plan and there needs to be a change in the court order. I'm always willing to consider that. But I think under these circumstances, we'll just leave the permanency hearing out there with the status report by [DHHS] in 90 days.

Thus, Ashley had the power to regain her education rights before the next scheduled review hearing by participating in the rehabilitative services provided by DHHS and showing that it would be in Nathaniel's best interests for her to regain them. See *In re Interest of Clifford M. et al.*, 258 Neb. 800, 606 N.W.2d 743 (2000) (holding that order suspending mother's visitation was not final order because it did not purport to terminate visitation and mother remained free to regain visitation upon showing that visitation was in best interests of her children).

Because the June 18, 2013, order was not a permanent disposition and was expected to disturb Ashley's education rights for a relatively short period of time, we conclude that a substantial right was not affected.

## CONCLUSION

The juvenile court's order temporarily suspending Ashley's educational rights on June 18, 2013, was not a final order affecting a substantial right. Accordingly, we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.

---

STATE OF NEBRASKA, APPELLEE, V.
JOSEPH J. FIORAMONTI, APPELLANT.
___ N.W.2d ___

Filed June 3, 2014.    No. A-13-244.

1. **Judgments: Speedy Trial: Appeal and Error.** As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Judgments: Appeal and Error.** To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below.

3. **Speedy Trial: Indictments and Informations: Time.** Neb. Rev. Stat. § 29-1207(1) (Cum. Supp. 2012) requires that every person indicted or informed against for any offense shall be brought to trial within 6 months, unless the 6 months are extended by any period to be excluded in computing the time for trial.

4. **Speedy Trial.** Under Neb. Rev. Stat. § 29-1208 (Cum. Supp. 2012), if a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge.

5. **____.** To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Cum. Supp. 2012).

6. **Speedy Trial: Motions for Continuance.** The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel shall be excluded from the calculation of the time for trial.

7. **Speedy Trial: Words and Phrases.** The phrase "period of delay" in Neb. Rev. Stat. § 29-1207(4) (Cum. Supp. 2012) refers to a specified period of time in which trial did not commence.

8. **Speedy Trial: Proof.** Under Nebraska's speedy trial act, it is unnecessary to show factually that delay actually prevented commencement of trial, that is, a demonstration of a cause-and-effect relationship between a condemned delay and failure to commence a defendant's trial within 6 months as prescribed by Neb. Rev. Stat. § 29-1207(2) (Cum. Supp. 2012).

9. **Appeal and Error.** An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings.

10. **Speedy Trial: Waiver.** A defendant waives his or her statutory right to a speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory 6-month period.

11. **Speedy Trial: Waiver: Appeal and Error.** A defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under Neb. Rev. Stat. § 29-1207(4)(b) (Cum. Supp. 2012) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed, (2) discharge is denied, and (3) that denial is affirmed on appeal.

12. **Constitutional Law: Speedy Trial: Statutes.** The constitutional right to a speedy trial and the statutory right to a speedy trial are expressly distinct from each other.

13. **Appeal and Error.** In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.

Appeal from the District Court for Cheyenne County: Derek C. Weimer, Judge. Affirmed.

Stacy C. Nossaman-Petitt, of Nossaman Petitt Law Firm, P.C., for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

Inbody, Chief Judge, and Pirtle and Riedmann, Judges.

Riedmann, Judge.

## INTRODUCTION

Joseph J. Fioramonti appeals from the decision of the district court for Cheyenne County denying his motion to dismiss on speedy trial grounds. We find that the district court did not err in determining that his motion was premature. Accordingly, we affirm.

## BACKGROUND

On September 10, 2012, Fioramonti was charged by information with possession of marijuana with intent to deliver, possession of marijuana weighing more than 1 pound, and possession of a controlled substance without tax stamps. On September 26, Fioramonti filed a motion for statutory discovery and a motion for return of personal property. A hearing on these motions was originally scheduled for October 12, but the district court granted a continuance to October 16 on the State's motion. Although the hearing is not contained in the record, the district court's journal entry indicates that Fioramonti had no objection to the State's request for continuance. On October 16, the district court ruled on Fioramonti's motion for statutory discovery and motion for return of personal property.

The matter was set for trial to begin on January 28, 2013. On December 21, 2012, the State filed a motion to continue the trial from January 28 to January 31, 2013, due to the unavailability of one of the State's witnesses. The State did not identify the unavailable witness or offer any evidence regarding the materiality of such witness. The following exchange took place during the hearing:

THE COURT: Okay, sounds good. Then let's talk about the motion to continue. Maybe the easiest way to start on that is to ask you if you have any objection to that?

[Defense counsel]: Your honor, we don't have an objection as long as the time runs against the State. We have no objection. I don't think this case has been pending that long so it shouldn't be an issue.

THE COURT: All right, I don't think so either.

The district court granted the State's motion for continuance without indicating whether the delay would run against the speedy trial clock. The matter was then rescheduled for trial to occur on March 20, 21, and 22.

During a pretrial conference on March 6, 2013, Fioramonti made an oral motion to use depositions due to unavailability of witnesses to appear at trial. Fioramonti filed a written motion the following day, and a hearing was held on the matter on March 8, at which time the court orally denied the motion.

On March 18, 2013, Fioramonti filed a motion to dismiss the case on speedy trial grounds, alleging that more than 6 months had elapsed since the date of filing of the information. The trial court entered an order denying the motion to dismiss on March 19. It found that the motion was premature because 23 days were excludable from the speedy trial calculation as follows: (1) 20 days during the pendency of Fioramonti's motion for statutory discovery, motion for return of personal property, and motion to withdraw, which motions were filed on September 26 and disposed of on October 16, and (2) 3 days during the pendency of Fioramonti's motion to use depositions, which motion was made orally on March 6 and denied on March 8. The district court did not address whether the delay resulting from the State's motion to continue the trial was excludable under the speedy trial statutes. It denied Fioramonti's motion to dismiss based on its finding that the speedy trial clock had not yet expired, but it did not make a finding regarding the number of days remaining on the speedy trial clock.

Fioramonti timely appeals.

## ASSIGNMENTS OF ERROR

Fioramonti assigns that the district court erred in finding (1) that his discovery motion tolled the speedy trial clock and (2) that less than 6 months had elapsed since the information was filed. Because these assignments of error are related, we will address them together.

## STANDARD OF REVIEW

[1,2] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Mortensen*, 19 Neb. App. 220, 809 N.W.2d 793 (2011) (*Mortensen I*). However, to the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below. *Id*.

## ANALYSIS

*Statutory Right to Speedy Trial*.

[3,4] Neb. Rev. Stat. § 29-1207(1) (Cum. Supp. 2012) requires that every person indicted or informed against for any offense shall be brought to trial within 6 months, unless the 6 months are extended by any period to be excluded in computing the time for trial. *Mortensen I*. Under Neb. Rev. Stat. § 29-1208 (Cum. Supp. 2012), if a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge. *Mortensen I*.

[5] The rule in Nebraska is clear that to calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014) (*Mortensen II*). Here, the information in this matter was filed on September 10, 2012. Thus, if there were no time periods excluded under § 29-1207(4), the last day on which the State could have brought Fioramonti to trial would have been March 10, 2013.

Under § 29-1207(4)(a), "the time from filing until final disposition" of the defendant's pretrial motions is excluded from the speedy trial calculation. The excludable period commences on the day immediately after the filing of a defendant's pretrial motion, and final disposition occurs on the date the motion is granted or denied. See *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

[6] We agree with the district court's conclusion that 20 days are excludable from the speedy trial calculation due to Fioramonti's pretrial motions that were filed on September 26, 2012, and disposed of on October 16. Although the hearing on these motions was continued from October 11 to October 16 at the State's request, the record reflects that Fioramonti made no objection to the continuance. Pursuant to § 29-1207(4)(b), the period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel shall be excluded from the calculation of the time for trial. *Mortensen I*. Thus, the entire 20 days during which these motions were pending, including the 4 days attributable to the State's request for continuance, were properly excluded. See *State v. Hayes*, 10 Neb. App. 833, 639 N.W.2d 418 (2002) (State's continuance was properly excluded under § 29-1207(4)(a), because it fell within timeframe which was already excluded by pendency of defendant's motion to suppress).

Fioramonti argues that the filing of his motions did not cause a "delay," because they were filed and resolved while he was waiting to be arraigned, and that his arraignment date was unaffected by these motions. Although § 29-1207(4)(a) uses the language "period of delay" when identifying what time is excludable, the Nebraska Supreme Court has held that this language is synonymous with the phrase "period of time." See *State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004).

In *State v. Feldhacker*, 11 Neb. App. 608, 657 N.W.2d 655 (2003), *modified on denial of rehearing* 11 Neb. App. 872, 663 N.W.2d 143, the defendant requested transcripts of various hearings. In calculating the time to be excluded for speedy

trial purposes, the district court excluded the amount of time from the date the praecipe for the transcripts was filed until the transcripts were complete. We reversed, stating that there was no "delay." We said:

> "Here, the record shows nothing but a 'period of time' of 22 days as opposed to a 'period of delay' between praecipe and completion of transcript. There was no showing by the State that this period of time was outside the norm for preparation of such a record or that the court reporters were in any way delayed. . . ."

*State v. Feldhacker*, 11 Neb. App. at 874, 663 N.W.2d at 145.

[7] On further review, the Supreme Court reversed our decision and stated:

> We agree with the State's argument on further review that there is no meaningful distinction between the phrases "period of time" and "period of delay." Although § 29-1207(4) uses the phrase "period of delay," any such period is necessarily described and quantified in terms of time. Thus, in interpreting and applying the speedy trial act, we have used the words "time" and "delay" interchangeably.

*State v. Feldhacker*, 267 Neb. at 154-55, 672 N.W.2d at 634.

[8] Likewise, in *State v. Lafler*, 225 Neb. 362, 367, 405 N.W.2d 576, 581 (1987), *abrogated on other grounds*, *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990), the Nebraska Supreme Court stated that "[u]nder Nebraska's speedy trial act, it is unnecessary to show factually that delay actually prevented commencement of trial, that is, a demonstration of a cause-and-effect relationship between a condemned delay and failure to commence a defendant's trial within 6 months as prescribed by § 29-1207(2)." In reaching this decision, the court relied upon *United States v. Velasquez*, 802 F.2d 104, 105 (4th Cir. 1986), which stated that "the 'causation' argument has been rejected by every circuit that has considered it."

Given the above, it was not necessary that Fioramonti's pretrial motion actually caused a delay in the trial; rather, § 29-1207(4)(a) requires the exclusion of all time from the filing of a defendant's pretrial motion until final disposition of that motion. Therefore, the district court did not err in

excluding the amount of time attributable to Fioramonti's pretrial motions.

The district court was also correct in excluding the period of time during the pendency of Fioramonti's motion to use depositions; however, we find plain error in the district court's determination that the excludable days were March 6, 7, and 8, 2013. The district court erred in excluding March 6, because the excludable period commences on the day immediately *after* the filing of a defendant's pretrial motion. Because Fioramonti made his motion orally on March 6, the excludable period began on March 7. See *State v. Shipler*, 17 Neb. App. 66, 758 N.W.2d 41 (2008) (indicating that excludable period begins upon oral motion, even if written motion is subsequently filed). The excludable period ended when the district court denied the motion on March 8, and thus, the total excludable period for this motion was only 2 days, rather than 3 days.

Given our finding that these 22 days are excludable under § 29-1207(4), the date upon which the State could have brought Fioramonti to trial was extended from March 10 to April 1, 2013. The date on which a court considers whether a defendant's right to speedy trial has been violated is the date on which a defendant files his or her motion for discharge. *State v. Miller*, 9 Neb. App. 617, 616 N.W.2d 75 (2000). Because Fioramonti's motion to dismiss was filed on March 18, it was premature. Thus, we affirm the district court's order denying Fioramonti's motion to dismiss.

[9] However, our analysis does not end there. The State contends that an additional period of time should be excluded from the speedy trial clock due to Fioramonti's failure to "unconditionally" object to the State's motion to continue. An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings. *State v. Craig*, 15 Neb. App. 836, 739 N.W.2d 206 (2007).

In light of the Nebraska Supreme Court's recent decision in *Mortensen II*, we determine that regardless of whether this additional time period is excluded, Fioramonti permanently waived his statutory speedy trial right.

[10,11] In *Mortensen II*, the Nebraska Supreme Court analyzed the recent amendment to § 29-1207(4)(b), which became operative on July 15, 2010. Section 29-1207(4)(b) provides a waiver of a defendant's statutory right to a speedy trial "when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period." The Supreme Court construed the statute to include not only delays caused by traditional continuances, but also delays resulting from the filing of motions to discharge. It held as follows:

> We hold that a defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under § 29-1207(4)(b) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed, (2) discharge is denied, and (3) that denial is affirmed on appeal.

*Mortensen II*, 287 Neb. at 169-70, 841 N.W.2d at 402-03.

In determining whether Fioramonti permanently waived his right to a speedy trial, we first determine whether the filing of his motion to dismiss resulted in the continuance of a timely trial to a date outside the statutory 6-month period.

As previously discussed, 22 days were excludable from the speedy trial clock due to Fioramonti's pretrial motions, thereby extending the permissible trial date to April 1, 2013. However, the State argues on appeal that the delay attributable to the continuance of trial from January 28 to March 20 should also be excluded from the speedy trial calculation, because Fioramonti did not object to the State's request for such continuance. The record reflects that Fioramonti had no objection to the continuance, "as long as the time runs against the State." The State argues that a conditional objection is not permitted under Nebraska law and that therefore, Fioramonti did not object to the continuance.

We need not decide this issue because, regardless of whether the period attributable to the State's request for continuance is excluded from the speedy trial calculation, Fioramonti's

motion to dismiss continued his trial far beyond the 6-month period. In other words, even if we were to accept the State's argument and exclude the delay attributable to the State's request for continuance, it would add approximately 3 months to the speedy trial clock, extending the date upon which the State could have brought him to trial to July 2013. Fioramonti's motion to dismiss and the subsequent appeal have resulted in a continuance of trial from a date within the statutory 6-month period to a date far beyond July 2013. Thus, pursuant to *Mortensen II*, Fioramonti has permanently waived his statutory right to a speedy trial. The district court is directed to set the matter for trial once it reacquires jurisdiction over the cause.

*Constitutional Right to Speedy Trial.*

[12,13] Fioramonti also argues in his brief that an accused is constitutionally guaranteed a right to a fair and speedy trial. The constitutional right to a speedy trial and the statutory right to a speedy trial are expressly distinct from each other. See *State v. Kula*, 254 Neb. 962, 579 N.W.2d 541 (1998). However, Fioramonti does not specifically assign as error that he was denied his constitutional right to a speedy trial. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *State v. Smith*, 286 Neb. 856, 839 N.W.2d 333 (2013). Accordingly, we do not address Fioramonti's constitutional argument.

## CONCLUSION

The district court did not err in denying Fioramonti's motion to dismiss on speedy trial grounds. Pursuant to *Mortensen II*, we conclude that Fioramonti has permanently waived his statutory right to a speedy trial. The district court is directed to set a date to bring Fioramonti to trial once it reacquires jurisdiction over the cause.

Affirmed.