STATE OF NEBRASKA, APPELLEE, V. ROBERT FATICA, APPELLANT.

336 N.W.2d 101

Filed July 1, 1983.   No. 82-614.

Berry, Anderson, Creager & Wittstruck, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

SHANAHAN, J.

Robert Fatica was convicted of "Conspiracy to Commit Arson in the First Degree," Neb. Rev. Stat. §§ 28-202(1), 28-502(1) (Reissue 1979), and was sentenced to a term of 2 to 6 years in the Nebraska Penal and Correctional Complex. We affirm the judgment of the District Court.

The information charging Fatica was filed August 11, 1981, and alleged that Fatica with two others conspired to commit arson in the first degree, i.e., "to intentionally damage the building of the Nebraska Penitentiary trustee dormitory library . . . ." On August 13, 1981, Fatica was arraigned and trial was set for September 14. For some reason undisclosed by the record the trial set for September 14 was

postponed. On October 26 Fatica filed a motion to take depositions, and the District Court authorized Fatica to obtain the depositions. The prospective deponents were later identified as James L. Kuticka and Michael Wittrock. Around December 9 the prosecutor visited with Fatica's attorney who indicated he still desired the depositions. Because the prosecuting attorney was on vacation from December 18 to January 4, 1982, depositions were not scheduled for that period. On January 4 the attorneys scheduled January 15 for the deposition of James L. Kuticka, a deputy state fire marshal. There was some "mixup," and Fatica's attorney canceled the Kuticka deposition scheduled for January 15. On January 18 the prosecutor tried unsuccessfully to schedule the depositions, and it was not until February 2 or 3 that the attorneys next scheduled the Kuticka deposition for February 12. That deposition was canceled by Fatica's attorney because a codefendant's attorney could not attend. From February 22 to March 3 the prosecutor was involved in another trial and was unavailable for depositions. At the prosecutor's request on March 20 the attorneys took Kuticka's deposition on March 25 at the public defender's office. Wittrock's deposition was taken March 26 at the office of Fatica's attorney. The following Monday, March 29, Fatica filed a motion to dismiss the information and claimed that he had been denied a speedy trial required by Neb. Rev. Stat. § 29-1207 (Reissue 1979). On March 29 the District Court overruled the motion to dismiss and set trial for May 3, 1982. In overruling Fatica's motion to dismiss, the trial judge found that the period involved in obtaining the depositions constituted "good cause" for the delay and excluded such time in computing the last day permissible for trial in compliance with § 29-1207. Fatica filed a motion for continuance on April 23. Trial was rescheduled and commenced on June 1. On June 10 the jury returned a verdict of guilty. The District Court overruled

Fatica's motion for new trial and imposed sentence.

Fatica assigns only one error, namely, in determining the last day for trial to commence as required by § 29-1207, the District Court improperly excluded the time used by Fatica to obtain depositions.

Section 29-1207, hereinafter called the "6-month rule," implements the practice and procedure assuring the constitutionally guaranteed speedy trial of a defendant and expedites the administration of criminal justice. The right to the "speedy trial" envisioned within Nebraska's "6-month rule," however, must coexist with the defendant's right to another constitutionally protected right, namely, the right to a fair trial. Contained within the concept of a fair trial is the defendant's opportunity to prepare a defense to the charge levied. Preparation of a defense often includes the discovery process afforded by Neb. Rev. Stat. §§ 29-1912 et seq. (Reissue 1979). Therefore, these statutes, § 29-1912 (discovery) and § 29-1207 ("6-month rule"), are neither mutually exclusive nor contradictory but, rather, allow a defendant the means to prepare a defense as well as to obtain a speedy trial. See *Rubiera v. Dade County ex rel. Benitez*, 305 So. 2d 161 (Fla. 1974).

In the present case Fatica requested depositions of potential witnesses for the State. Throughout the protracted period prior to obtaining the depositions, Fatica expressed his need and desire for the depositions of Kuticka and Wittrock to prepare for trial. Although the State tried to schedule the depositions, Fatica for one reason or another caused postponement of the depositions. On March 29, while the reporter may have been transcribing the depositions requested by Fatica in October but obtained just the week before, Fatica was asking dismissal on account of delay in trial. The delay regarding the depositions was not attributable to any negligence or misconduct on the part of the State. As stated in 21A Am. Jur. 2d *Criminal Law* § 659 (1981), delay attributable to acts, conduct, or condition of defend-

ant: "An accused cannot generally take advantage of a delay in being brought to trial where he was responsible for the delay either by action or inaction."

The trial court ruled that the time involved in the discovery process initiated by Fatica constituted a delay "for good cause" under § 29-1207(4)(f), and, therefore, the court excluded such time in computing the last day permissible for trial under § 29-1207(1). The reasonable delay resulting from the depositions was necessary to comply with Fatica's request for discovery. Under the circumstances Fatica, as any other defendant, must accept a reasonable delay as a consequence of invoking the discovery process in preparation for trial. See, *State of Iowa v. LaPlant*, 244 N.W.2d 240 (Iowa 1976); *Rosenwasser v. Smith*, 308 So. 2d 600 (Fla. App. 1975). Doubtless the deprivation of the depositions would have been decried as a denial of a fair trial in this case. In *State v. Brown, ante* p. 665, 335 N.W.2d 542 (1983), we held that the period pertaining to the final disposition of a pretrial motion for discovery is excluded in computing the date for trial under the "6-month rule." Consequently, the reasonable time used in obtaining a deposition requested by a defendant in preparation for trial is likewise excluded in computing the last day on which trial can be commenced under § 29-1207(1). The pretrial motion for discovery was not "finally disposed," within the meaning of § 29-1207(4)(a), until the depositions were taken pursuant to the order authorizing Fatica to obtain the depositions. Any delay in trial was attributable to the depositions, and such delay was for "good cause" under § 29-1207(4)(f), that is, completion of the discovery requested by Fatica in preparation for trial. The District Court was correct in excluding the time used for the depositions requested by Fatica.

In *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981), we set out the method for computing the last date permissible for trial under § 29-1207. Here, the

information was filed on August 11, 1981. The last day for commencement of Fatica's trial was February 11, 1982, unless there is time to be excluded in accordance with § 29-1207(4). From October 26, i.e., the day on which Fatica filed his motion for the depositions, until March 26, when Fatica took the last deposition, there are 152 days. Fatica is not charged with those periods when the prosecutor was unavailable for the depositions, namely, the prosecutor's vacation (17 days) and the prosecutor's trial time in another case (8 days). Those 25 days are not charged to Fatica in computing the limit for commencement of trial. There still remain 127 days to be excluded in computing the last permissible day for trial. Charging Fatica with the 127 days for the depositions and adding such excluded time to the date of February 11, the last day on which Fatica's trial could have commenced under the "6-month rule" is June 18, 1982. Trial commenced on June 1, and, therefore, Fatica was brought to trial within the time prescribed by the "6-month rule," § 29-1207(1).

Fatica has not been denied a "speedy trial," and the judgment of the District Court is affirmed.

AFFIRMED.