STATE OF NEBRASKA, APPELLEE,
V. KEVIN J. MURPHY, APPELLANT.
587 N.W. 2d 384

Filed December 18, 1998. No. S-97-1237.

Wm. D. Kurtenbach, of Kurtenbach Law Office, for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Kevin J. Murphy, was charged with several felonies. He then filed, inter alia, a motion with the trial court

to take depositions, which motion was sustained. He later filed a motion for discharge, claiming that his statutory right to a speedy trial had been violated. The State opposed Murphy's motion to discharge, claiming that the period of time from the trial court's ruling on Murphy's motion for depositions until those depositions were concluded was excludable pursuant to Neb. Rev. Stat. § 29-1207(4) (Reissue 1995). The trial court found that said period was excludable under § 29-1207(4)(a) and overruled Murphy's motion to discharge. We granted the State's petition to bypass the Nebraska Court of Appeals. The question presented is whether the time consumed by taking depositions on behalf of a defendant is excludable under § 29-1207(4)(a). We conclude that it is not. However, such a period may be excluded under § 29-1207(4)(f). Because the trial court did not make any findings in that regard, we reverse, and remand with directions for the trial court to do so.

## BACKGROUND

Murphy was charged by information with five felony counts on January 24, 1997. Murphy had filed motions for discovery, production, and depositions the previous day, which motions were granted on February 5, with the exception of paragraph 11 of Murphy's discovery motion. We note that pursuant to Neb. Rev. Stat. § 29-1917 (Reissue 1995), a motion for depositions must be filed by a defendant *after* the information is filed. However, Murphy's motions were granted, and no objection by the State as to the time they were filed appears on the record. Thus, the State waived any objection it may have had to Murphy's untimely filing.

The trial court wrote the following comments on an entry filed the day it granted Murphy's motion for depositions: "Defense counsel shall notify the court when discovery has been completed and shall have 30 days thereafter to file all other types of pretrial motions." Three certificates were filed by the court reporter on July 30, 1997, indicating that three witnesses had been deposed by Murphy on July 17.

A docket entry dated September 3, 1997, indicates that a pretrial conference was set for October 22. On October 22, the day of the pretrial conference, Murphy filed a motion to compel dis-

covery or to sanction the State for failure to perform discovery and a motion for discharge on speedy trial grounds. The trial court set a hearing on the motion for discharge for November 5 and sustained the motion to compel discovery, providing a deadline for compliance of November 5. Murphy filed a certificate of receipt of discovery materials on October 27.

A hearing was had, and on November 25, the trial court denied Murphy's motion to discharge. Exhibit 1 consists of correspondence between the attorneys and the trial court, as well as one docket entry. The first letter in the exhibit was dated May 21, 1997, and contained a request by defense counsel that the prosecutor provide potential deposition dates. In a letter dated June 3, 1997, the prosecutor responded to defense counsel concerning the depositions and provided several dates in June. Exhibit 2 consists of all case filings through November 5, which were judicially noticed.

The trial court found that the last day for trial was July 24, 1997. However, the trial court also found that the entire period from the time the information was filed on January 24, 1997, until the certificates of deposition were filed on July 30, totaling 187 days, should be excluded. This period was excluded because, according to the trial court, Murphy's motion for depositions was not "finally disposed" within the meaning of § 29-1207(4)(a) until the certificates of deposition were filed with the court. The trial court then added 187 days to July 24 and concluded that trial could be commenced in a timely manner up to January 27, 1998. Finally, the trial court excluded the time from the filing of Murphy's motion to discharge until its disposition, which the trial court found was an additional 33 days. Thus, the trial court concluded that the trial could be commenced on March 2 (March 1 being a Sunday) with no speedy trial violation.

## ASSIGNMENT OF ERROR

Murphy contends that the district court erred in determining that his speedy trial rights pursuant to § 29-1207 were not violated and in denying his motion for discharge.

## SCOPE OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997).

## ANALYSIS

Because the information filed against Murphy was filed on January 24, 1997, the last day for commencement of Murphy's trial was July 24, unless any period between the filing of the information and July 24 must be excluded in computing the time for commencement of trial. Clearly, trial was not commenced on July 24. Thus, the question is whether the State proved by a preponderance of the evidence the existence of a period of time that is authorized by § 29-1207. *State v. Turner, supra.* Section 29-1207(4) provides:

The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . the time from filing until final disposition of pretrial motions of the defendant . . . .

. . . .

(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.

Murphy argues that the trial court erred in excluding the period of time from the final disposition of Murphy's motion for depositions until the certificates of deposition were filed. Specifically, Murphy argues that the trial court erred in relying on *State v. Fatica*, 214 Neb. 776, 336 N.W.2d 101 (1983), wherein this court held that the period of time from the final disposition of a motion for depositions until the depositions are actually taken may be excluded. Murphy contends that *Fatica* is inconsistent with this court's decision in *State v. Brown*, 214 Neb. 665, 335 N.W.2d 542 (1983), and thus, that *Fatica* should be overruled.

In *Brown*, this court held that the period of time from the day the defendant filed a motion for depositions until the trial court

authorized the depositions should be excluded under § 29-1207(4)(a). However, *Brown* did not address whether the period from disposition of such a motion until the depositions are actually taken may be excluded. Thus, *Brown* indicates that a motion for depositions is "finally disposed" on the date that it is granted.

Whether such a period may be excluded was addressed in *State v. Fatica*, 214 Neb. at 778, 336 N.W.2d at 102, where defense counsel "for one reason or another caused the postponement of the depositions." The trial court found that the time used in obtaining the depositions requested by the defendant constituted a delay " 'for good cause' " under § 29-1207(4)(f), *id.* at 779, 336 N.W.2d at 102, and thus, that it should be excluded. This court agreed with the trial court that "[t]he delay regarding the depositions was not attributable to any negligence or misconduct on the part of the State," *id.* at 778, 336 N.W.2d at 102, and held that "[a]ny delay in trial was attributable to the depositions, and such delay was for 'good cause' under § 29-1207(4)(f)," *id.* at 779, 336 N.W.2d at 103. See, also, *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991); *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985) (indicating that time consumed in obtaining depositions at request of defendant, in absence of impermissible conduct by state delaying depositions, should be excluded).

The State notes that in *State v. Fatica*, 214 Neb. at 779, 336 N.W.2d at 103, this court also stated that "[t]he pretrial motion for discovery was not 'finally disposed,' within the meaning of § 29-1207(4)(a), until the depositions were taken . . . ." Thus, according to this language, no showing of good cause need be made by the State under § 29-1207(4)(f). We disagree.

In *State v. Lafler*, 225 Neb. 362, 373, 405 N.W.2d 576, 584 (1987), we distinguished subsection (4)(a) of § 29-1207 from subsection (4)(f):

> [A]ny delay caused by the defendant's act or conduct, namely, those pretrial situations or matters described or characterized in § 29-1207(4)(a), is automatically excluded in computing the time when the defendant's trial must commence pursuant to the Nebraska speedy trial act. Any period of delay resulting from a defendant's act or conduct

specifically mentioned in reference to the pretrial matters or situations described or characterized in § 29-1207(4)(a) is computed without consideration whether such delay was reasonably necessary. However, a period of delay resulting from other than the defendant's act or conduct described or characterized in § 29-1207(4)(a) may be excluded in computing the time for commencement of a defendant's trial, if such delay occurred on account of "good cause," as provided in § 29-1207(4)(f).

See, also, *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997).

In *Fatica*, we emphasized that any delay in taking the depositions was not due to the State's misconduct or neglect. However, such an inquiry would be entirely unnecessary had we been relying on § 29-1207(4)(a) rather than § 29-1207(4)(f). As *Lafler* makes clear, under § 29-1207(4)(a), there is no reasonableness inquiry; periods falling under that section are *automatically* excluded. If the period of time required to take depositions was excludable under § 29-1207(4)(a), it would always be excluded. Yet, we did not exclude that period of time in *State v. Brown*, 214 Neb. 665, 335 N.W.2d 542 (1983), even though we were clearly applying that section. To the extent that *Fatica* indicates a motion for depositions is not "finally disposed" until the depositions are taken, *Fatica* is overruled.

The State argues that even if the motion for depositions was "finally disposed" on February 5, 1997, the time consumed in taking depositions may still be excluded under § 29-1207(4)(a), since by its own language, that subsection is "not limited to" the periods specifically enumerated therein. However, § 29-1207(4)(a) refers only to "proceedings." Black's Law Dictionary 1204 (6th ed. 1990) states that a "proceeding" is "[i]n a more particular sense, any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object." If the term "proceedings" was read broadly, rather than in its "particular sense," § 29-1207(4)(a) would include any delay at trial that "concerns" the defendant. If the Legislature had intended that the term "proceeding" encompass such a broad purview, there would have been little reason for the

Legislature to have provided for exclusion under § 29-1207(4)(f), the "catchall provision." *State v. Turner*, 252 Neb. at 629, 564 N.W.2d at 237. Thus, the term "proceeding" must be read narrowly.

Clearly, a motion for depositions is an "application to a court of justice" and, thus, is a "proceeding," as the statute specifically provides. However, once that application has been granted, no further application to a court of justice is required to obtain the depositions. Of course, a defendant may later make a motion to compel the taking of depositions. Such a motion would be a "proceeding" under § 29-1207(4)(a), and the time required for its disposition would be automatically excluded. Nonetheless, to the extent the parties rely on their own devices to secure the necessary depositions, the taking of the depositions is not a "proceeding" within the meaning of § 29-1207(4)(a).

Thus, the period of time from the trial court's ruling on a motion for depositions until the depositions are concluded is not excludable under § 29-1207(4)(a). Accordingly, the trial court erred in excluding the time period from the trial court's ruling on the motion for depositions until the certificates of deposition were filed under that section. However, such a period may or may not be excluded under § 29-1207(4)(f), with the inquiry turning upon whether there is "good cause" for the delay.

Accordingly, the issue is whether the time consumed by Murphy to take the depositions is excludable pursuant to § 29-1207(4)(f). "[I]f a trial court relies on § 29-1207(4) (f) in excluding a period of delay from the 6-month computation, a general finding of 'good cause' will not suffice and the trial court must make specific findings as to the good cause or causes which resulted in the extensions of time." *State v. Kinstler*, 207 Neb. 386, 391, 299 N.W.2d 182, 186 (1980). See, also, *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972). In the instant case, the trial court did not make any findings under § 29-1207(4)(f). When a trial court's findings are incomplete, an appellate court must remand the cause for further consideration. See *Vinci v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 423, 571 N.W.2d 53 (1997).

## CONCLUSION

We conclude that the trial court erred in excluding the period of time from the final disposition of Murphy's motion for depositions until the certificates of depositions were filed under § 29-1207(4)(a). Even though such a period may be excluded under § 29-1207(4)(f), the trial court made no findings in that regard. Accordingly, we reverse, and remand with directions to the trial court to determine whether the State proved by a preponderance of the evidence that the time from the granting of Murphy's motion for depositions until the depositions were taken is excludable for good cause.

REVERSED AND REMANDED WITH DIRECTIONS.