Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/03/2025 09:08 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
PAUL DOUGLAS BROOKS, APPELLANT.

___ N.W.3d ___

Filed July 3, 2025.   No. S-24-721.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question that will be affirmed on appeal unless clearly erroneous.

2. **Statutes.** Statutory interpretation is a question of law.

3. ____. The application of a statute to undisputed facts is a question of law.

4. **Judgments: Appeal and Error.** On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.

5. **Speedy Trial: Appeal and Error.** Factual determinations pertaining to the exceptions listed in Neb. Rev. Stat. § 29-1207(4)(a) through (f) (Reissue 2016) must be supported by specific findings, which appellate courts review for clear error. However, the proper interpretation of § 29-1207(4) and its application to the undisputed historical facts of a case are questions of law.

6. **Speedy Trial.** To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

7. **Speedy Trial: Proof.** The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

8. **Speedy Trial: Good Cause: Words and Phrases.** "Good cause," for purposes of Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016), means a substantial reason and one that affords a legal excuse.

9. **Good Cause.** Good cause is a factual question dealt with on a case-by-case basis.

10. **Good Cause: Proof.** A trial court's good cause findings must be supported by the evidence in the record, and the State bears the burden of establishing facts showing that good cause existed.

11. **Speedy Trial: Good Cause.** When a trial court relies on Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) to exclude time from the speedy trial calculation, a general finding of "good cause" will not suffice. Instead, the court must make specific findings as to the good cause which resulted in the delay.

12. **Speedy Trial: Words and Phrases.** Because a "period of delay" is generally synonymous with a "period of time," excludable periods can result from delays in the progression of a criminal case regardless of whether the trial date was postponed or remained unchanged.

13. **Speedy Trial: Good Cause: Proof.** The phrase "period of delay" in Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 2016) refers to a specified period of time in which trial did not commence, and the State must prove that there was good cause why trial did not commence during such period in order to exclude it from the speedy trial computation under § 29-1207(4)(f).

Appeal from the District Court for Furnas County: Patrick M. Heng, Judge. Affirmed.

F. Matthew Aerni, of Aerni Law, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ.

Miller-Lerman, J.
### NATURE OF CASE
Paul Douglas Brooks appeals the order of the district court for Furnas County that overruled his motion for absolute discharge of the charges against him based on statutory speedy trial grounds. The court determined, inter alia, that the time Brooks had requested to take depositions of witnesses that the State gave notice it would call at trial to provide evidence under Neb. Rev. Stat. § 27-414 (Reissue 2016) was excludable in calculating the time to bring Brooks to trial. We affirm the

district court's order that overruled Brooks' motion for abso-
lute discharge.

## STATEMENT OF FACTS

On January 11, 2024, the State filed an information in the
district court charging Brooks with two counts of first degree
sexual assault and one count of third degree sexual assault
of a child. All three counts involved the same victim, identi-
fied as H.S. On January 13, Brooks filed a plea in abatement,
which the district court overruled on March 5. Brooks was
arraigned on March 21, and the court set a status hearing for
May 23.

On the date of the status hearing, May 23, 2024, the State
filed a notice of its intent to offer evidence of other sexual
assaults committed by Brooks as permitted by § 27-414. In
the notice, the State identified the victims of the other assaults
as S.N., J.S., and C.G., and the State requested a hearing for
the court to determine whether the evidence would be admis-
sible at Brooks' trial. In a journal entry after the status hearing,
the court stated that Brooks had "advised he wanted to take the
depositions of the [§ 27-414] witnesses and could have those
completed by mid-July," and the court set a hearing for August
19 on the State's notice under § 27-414.

Brooks filed notices in the district court indicating that he
had taken the deposition of J.S. on June 26, 2024, of C.G. on
July 30, and of H.S. on August 9. Although there is no notice
of deposition in the record, in his appellate brief, Brooks
stated that he took the deposition of S.N. on August 15. The
court held the hearing on the State's notice under § 27-414 on
August 19 and 29. On August 29, the court filed an order set-
ting trial for October 1, and on September 11, the court entered
an order permitting the State to offer evidence pursuant to
§ 27-414 at Brooks' trial.

On September 18, 2024, Brooks filed a motion for abso-
lute discharge in which he asserted that his constitutional
and statutory rights to speedy trial had been violated. In this
appeal, we have been asked to address only Brooks' statutory

speedy trial rights. In the discharge motion, Brooks conceded that the 52 days between his filing of the plea in abatement on January 13 and the court's ruling on the plea on March 5 were excludable, but he asserted there were no other excludable periods. In connection with his statutory claim, he contended that the last date to bring him to trial under the 6-month provision in Neb. Rev. Stat. § 29-1207 (Reissue 2016) was September 1.

After a hearing, the court entered an order on September 24, 2024, in which it denied Brooks' motion for absolute discharge. The court set forth its determination of the statutory time for bringing Brooks to trial under § 29-1207. The court first determined that, as Brooks conceded, the time from Brooks' filing of the plea in abatement until the court's ruling thereon was excludable.

The court then considered two additional periods of time that the State argued were excludable. The court first rejected the State's argument that the period from the arraignment on March 21, 2024, until the status hearing on May 23 should be excluded. The State noted that Brooks had requested the court to allow 90 days before the status hearing so that Brooks could conduct discovery, and the State attempted to characterize Brooks' request as a request for a continuance. But the court stated that it had scheduled the status hearing for 60 days after the arraignment because the State raised speedy trial concerns, and the court determined that Brooks' request for 90 days did not amount to a request for a continuance.

As to the second period that the State asserted was excludable, the court agreed with the State's argument that the period of time from the status hearing on May 23, 2024, until Brooks conducted his third deposition on August 9 should be excluded. The court stated that its decision to schedule the hearing for August 19 was "a direct result of [Brooks'] request to schedule the hearing after mid-July to allow [him] to complete depositions of the [§ 27-414] witnesses." The court stated that when the State filed its notice pursuant to

§ 27-414 on May 23, "it was prepared to proceed with the hearing" but Brooks "specifically requested that the Court not schedule the matter until after [he] completed his discovery." The court determined that the period of delay in scheduling the hearing was a continuance at Brooks' request or consent and was therefore excludable pursuant to § 29-1207(4)(b). The court further determined that under § 29-1207(4)(f), "good cause exists to exclude this time frame from the speedy trial calculation." The court determined that the period of time from the May 23 status hearing until July 15, or "mid-July," should be excluded based on Brooks' request and that excluding that period moved the date to bring Brooks to trial to October 26. The court further determined that the period until Brooks completed the third deposition on August 9 should also be excluded.

The court concluded that after excluding the time period relating to the plea in abatement, the time period when Brooks was taking depositions related to the § 27-414 notice, and the time period relating to the motion for absolute discharge, the last date to bring Brooks to trial had been extended to November 17, 2024; therefore, the trial scheduled for October 1 was within the statutory speedy trial period. The court therefore overruled Brooks' motion for absolute discharge.

Brooks appeals the order in which the district court overruled his motion for absolute discharge.

## ASSIGNMENTS OF ERROR

Brooks claims that the district court erred when it overruled his motion for absolute discharge based on its findings that (1) Brooks requested or consented to a continuance under § 29-1207(4)(b) when he requested time to take depositions of witnesses named in the State's notice under § 27-414 and that (2) good cause existed under § 29-1207(4)(f) to exclude time after May 23, 2024, during which Brooks was taking depositions of witnesses named in the State's notice under § 27-414.

STANDARDS OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question that will be affirmed on appeal unless clearly erroneous. *State v. Rashad*, 316 Neb. 101, 3 N.W.3d 325 (2024).

[2-4] Statutory interpretation is a question of law. *State v. Lear*, 316 Neb. 14, 2 N.W.3d 632 (2024). Likewise, the application of a statute to undisputed facts is a question of law. *Id*. On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id*.

[5] Applying these general standards of review to questions regarding periods of delay excluded when determining the statutory speedy trial period, we have stated as follows: Factual determinations pertaining to the exceptions listed in § 29-1207(4)(a) through (f) must be supported by specific findings, which we review for clear error. *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023). However, the proper interpretation of § 29-1207(4) and its application to the undisputed historical facts of a case are questions of law. *State v. Nelson, supra*.

ANALYSIS

Brooks generally claims that the district court erred when it determined that his request for time to take depositions of witnesses named in the State's notice under § 27-414 resulted in time that was excludable from the speedy trial period under § 29-1207(4). He claims that the court erred both when it found that his request was a request for a continuance under § 29-1207(4)(b) and when it found that good cause existed under § 29-1207(4)(f) to exclude time related to his request.

[6,7] The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016). Section 29-1208 provides that a criminal defendant is entitled to absolute discharge if he or she is not brought to trial before the running of time as provided by § 29-1207. Section 29-1207 provides that a defendant shall be brought to trial within 6

months, starting from the date the indictment is returned or the information filed and excluding periods of delay falling into any of the exceptions listed in § 29-1207(4)(a) through (f). To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. *State v. Nelson, supra*. The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4). *State v. Nelson, supra*.

Regarding § 29-1207(4)(b) and the exclusion of a period of delay resulting from a continuance, Brooks cites *State v. Space*, 312 Neb. 456, 467, 980 N.W.2d 1, 10 (2022), in which we held that "continuance," as it is used in § 29-1207(4)(b), "refers to the circumstance where a court proceeding set for one date is postponed to a future date." Brooks argues that there was no "continuance" in this case and that instead, the court was setting the initial date for the hearing on the State's notice under § 27-414 and no proceeding that had already been set was being postponed due to Brooks' request to allow him time to conduct the depositions.

In response to Brooks' continuance argument, the State asserts in its appellate brief that we do not need to reach the continuance issue, because the time related to Brooks' request for time to take the depositions was properly excludable based on the district court's finding of good cause under § 29-1207(4)(f). As discussed below, we determine that the finding of good cause was not error and justified the exclusion of time sufficient to warrant overruling Brooks' motion for absolute discharge, and we therefore agree with the State that determination of the continuance issue is not necessary to resolve this appeal.

[8-11] Brooks challenges the district court's finding that good cause under § 29-1207(4)(f) supported the exclusion of time attributed to his taking the depositions to prepare for the

hearing pursuant to § 27-414. Specific periods of delay are required under § 29-1207(4)(a) through (e) to be excluded in computing the 6-month time for trial. However, § 29-1207(4)(f) also excludes "[o]ther periods of delay not specifically enumerated . . . , but only if the court finds that they are for good cause." "Good cause," for purposes of § 29-1207(4)(f), is not defined by statute, but we have held that "good cause," as used in the speedy trial statutes, means a substantial reason and one that affords a legal excuse. See *State v. Rashad*, 316 Neb. 101, 3 N.W.3d 325 (2024). Good cause is a factual question dealt with on a case-by-case basis. *Id*. A trial court's good cause findings must be supported by the evidence in the record, and the State bears the burden of establishing facts showing that good cause existed. *Id*. When a trial court relies on § 29-1207(4)(f) to exclude time from the speedy trial calculation, a general finding of "good cause" will not suffice. *State v. Williams*, 313 Neb. 981, 987 N.W.2d 613 (2023). Instead, the court must make specific findings as to the good cause which resulted in the delay. *Id*.

Brooks argues that there was not sufficient evidence to support the district court's finding of good cause. He contends that the only evidence was his request for time to conduct the depositions, and he asserts that the State did not present evidence regarding the availability of earlier dates for the hearing and did not present evidence that the State had requested an earlier hearing. Brooks also argues that obtaining depositions in preparation for a hearing pursuant to § 27-414 is a standard step in trial preparation that should not result in an exclusion. Brooks concedes that a motion to take depositions may commence an excludable period but that the excluded period lasts only until the motion is decided and not until the depositions are completed.

In *State v. Murphy*, 255 Neb. 797, 804, 587 N.W.2d 384, 389 (1998), we recognized that the time excluded under § 29-1207(4)(a) relating to a motion for taking depositions extends to the disposition of the motion but that "the period of

time from the trial court's ruling on a motion for depositions until the depositions are concluded is not excludable under § 29-1207(4)(a)." However, turning to § 29-1207(4)(f), we further stated in *State v. Murphy* that the time consumed by a defendant to take depositions "may or may not be excluded under § 29-1207(4)(f), with the inquiry turning upon whether there is 'good cause' for the delay." 255 Neb. at 804, 587 N.W.2d at 389. On the facts in *State v. Murphy*, we rejected the trial court's finding that the time to take depositions was excludable under § 29-1207(4)(a). Although we recognized that the time could be excluded for "good cause" under § 29-1207(4)(f), because the trial court in *State v. Murphy* had not made a finding of good cause or of facts to support that finding, we remanded the matter to the trial court to consider whether the time should be excluded under § 29-1207(4)(f). Therefore, in *State v. Murphy*, we did not have occasion to review findings to support good cause for a period of delay such that time for taking depositions could be excluded pursuant to § 29-1207(4)(f).

In contrast to *State v. Murphy*, the district court in this case did find good cause, and we therefore have findings to review. The court found good cause to exclude the time from May 23, 2024, until July 15, based on Brooks' request that the court refrain from scheduling the hearing on the State's notice under § 27-414 until "mid-July" so that he could obtain the depositions. The court separately found that there was also good cause to exclude the additional time that Brooks took to complete the depositions, which period the court found to extend to August 9. In its order on the motion for absolute discharge, the court stated that excluding the period of delay from May 23 until July 15 would extend the time for trial until October 26.

As we discuss below, we determine that the district court's finding that the time from May 23, 2024, until July 15 should be excluded as being for good cause under § 29-1207(4)(f) was not in error. Excluding the time from May 23 until July

15 would be sufficient to justify overruling the motion for absolute discharge because it would extend the time to bring Brooks to trial until after both September 18, the date Brooks filed his motion for absolute discharge, and October 1, the date the court scheduled the trial to commence. Therefore, to dispose of this appeal, we need not also determine whether the time after July 15 that Brooks took to complete the depositions is also excludable. We therefore need not address Brooks' argument that the State did not present evidence to show why the hearing could not have been scheduled before August 19 on a date closer to the "mid-July" date by which Brooks indicated at the May 23 hearing that he would be able to complete the depositions.

[12,13] As an initial matter in reviewing the district court's finding of good cause, we first note that § 29-1207(4)(f) provides for exclusion of "[o]ther periods of delay" that the court finds are for good cause. An initial question then is whether there was a "period of delay" occasioned by Brooks' request to delay scheduling the hearing under § 27-414 until mid-July so that he could conduct the depositions. In *State v. Coomes*, 309 Neb. 749, 767-68, 962 N.W.2d 510, 524 (2021), we stated that "for purposes of the speedy trial calculation, there is no meaningful distinction between the phrases 'period of time' and 'period of delay.'" We further stated that because a "period of delay" is generally synonymous with a "period of time," excludable periods can result from delays in the progression of a criminal case regardless of whether the trial date was postponed or remained unchanged. *Id*. at 708, 962 N.W.2d at 524. We have also said that "[t]he phrase 'period of delay' in § 29-1207(4)(f) refers to a specified period of time in which trial did not commence" and that "[t]he State must prove that there was good cause why trial did not commence during such period in order to exclude it from the speedy trial computation under § 29-1207(4)(f)." *State v. Feldhacker*, 267 Neb. 145, 155, 672 N.W.2d 627, 635 (2004).

With this understanding of "period of delay," we determine that there was a "period of delay" related to Brooks' request for the court to refrain from setting a hearing until "mid-July" so that he could complete depositions of witnesses named in the State's § 27-414 notice. To honor that request, the court could not schedule the hearing under § 27-414 before "mid-July," and, consequently, the court could not schedule the trial to commence during that period. Therefore, the time from May 23, 2024, until July 15 was a period when trial did not commence and therefore was a period of delay.

Having determined that there was a period of delay in this case, we note that we have further stated that "[i]f a trial court relies on [§ 29-1207(4)(f)] in excluding a period of delay from the 6-month computation, a general finding of 'good cause' will not suffice and the trial court must make specific findings as to the good cause or causes which resulted in the extensions of time." *State v. Feldhacker*, 267 Neb. at 155, 672 N.W.2d at 635. In accordance with *State v. Feldhacker*, the district court's fact findings in support of its finding of good cause included the following: The court found that its May 23, 2024, order in which it set the hearing on the State's notice of intent pursuant to § 27-414 for August 19 was "a direct result of [Brooks'] request to schedule the hearing after mid-July to allow [him] to complete depositions of the [§ 27-414] witnesses." The court further found that when the State filed its notice on May 23, the State "was prepared to proceed with the hearing" but that Brooks "had not completed his discovery and requested additional time to do so prior to scheduling the § 27-414 hearing." The court found that Brooks "specifically requested that the Court not schedule the matter until after [he] completed his discovery." The court found that excluding the 53 days between May 23 and July 15, in addition to the time excluded relating to Brooks' plea in abatement, "would result in the speedy trial expiration date of October 26, 2024." In conclusion, the district court found that "the period of delay prior to the scheduling of the § 27-414 hearing was the direct

result of the request" of Brooks and that good cause existed under § 29-1207(4)(f) such that the period of delay should be excluded from the speedy trial calculation.

We have reviewed the record, and we agree with the district court's determination that good cause existed under § 29-1207(4)(f) such that the period of delay occasioned by Brooks' request for time from May 23, 2024, until "mid-July" should be excluded from the statutory speedy trial calculation. Allowing time for Brooks to complete the depositions was a substantial reason for the delay, and it afforded a legal excuse for the delay in commencing the hearing and, consequently, the trial. Although the need for a hearing under § 27-414 was occasioned by the State's decision to present evidence pursuant to that statute, the delay in setting the hearing, which consequently delayed commencement of the trial, was at Brooks' request.

We note in this regard that § 27-414(2) requires the State to provide notice of its intent to offer evidence under the section "at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause." We find the 15-day requirement significant in that it indicates that the State's notice was filed within a reasonable time prior to when trial might have commenced. We also read it as a legislative determination that 15 days is sufficient time for a defendant to prepare for the hearing at which the court will determine whether the § 27-414 evidence may be admitted. We think that this legislative determination bolsters our determination that Brooks' request occasioned a period of delay for good cause under § 29-1207(4)(f). At the May 23, 2024, hearing, Brooks asked for time until mid-July, or a period of more than 45 days, to take the depositions in preparation for the hearing. Brooks' request resulted in a period of delay beyond that which was legislatively determined to be sufficient to prepare for the hearing.

Given the facts, it is sufficient that we limit our consideration to the exclusion of the time from the May 23, 2024,

status hearing when Brooks made his request until July 15, or "mid-July," the time he specifically requested he would need to complete the depositions. By limiting our analysis to this period, we focus on the specific time Brooks requested and the delay that was a direct result of his request. With this limited focus, we need not consider Brooks' contention that the State failed to show good cause for setting the hearing for August 19, rather than some date closer to the "mid-July" timeframe he specifically requested. We also need not consider whether there was good cause to exclude the time from "mid-July" until Brooks completed the depositions in August. We believe it is unnecessary to speculate on the possible exclusion for good cause of periods after mid-July. We do not comment on whether there was good cause related to time beyond mid-July, because excluding time from May 23 until July 15 was sufficient to justify overruling Brooks' motion for absolute discharge.

## CONCLUSION

We determine that the time from May 23, 2024, through "mid-July" was for good cause under § 29-1207(4)(f) such that the time should be excluded for calculating the statutory speedy trial period. In its order, the district court found that excluding the time related to the plea in abatement and excluding the time from May 23 until July 15 extended the time for bringing Brooks to trial to October 26. Because excluding these periods of delay extended the time for bringing Brooks to trial until after both September 18, the date Brooks filed his motion for absolute discharge, and October 1, the date the district court scheduled the trial to commence, we conclude that the district court did not err when it overruled Brooks' premature motion for absolute discharge. We therefore affirm the district court's order in which it overruled Brooks' motion for absolute discharge.

Affirmed.

Bergevin, J., not participating.